[Crim. No. 1240. Third Appellate District.—February 27, 1933.]

THE PEOPLE, Respondent, v. JAMES CARTER, Appellant.

Ray T. Coughlin for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PULLEN, P. J. —Defendant was charged with the offense of burglary and was thereon tried and convicted of burglary in the second degree. He moved for a new trial, which motion was denied and he was sentenced to imprisonment in the state prison. He now prosecutes this appeal from the judgment and the order denying a new trial.

At about 11 o'clock in the evening a police officer apprehended defendant in a building occupied by an automobile agency, and upon being questioned by the officer, defendant stated he was in need of money and "thought he could get some out of the cash register". At the time of his arrest he was wearing gloves, had a flashlight, numerous keys and a lock pick in his possession.

This appeal is based upon two assignments of error; first, that the evidence is insufficient to prove the *corpus delicti*, and therefore the admissions of the defendant were not admissible, and, secondly, the judgment was not pronounced within the time provided by law.

Burglary is the entry of a building with intent to commit grand or petit larceny or any felony. Appellant contends there was no proof of any intent to commit any of the offenses mentioned in the section save and except that shown by the statement of defendant to the effect he intended to commit larceny.

That defendant was inside of an inclosed building, without permission and without right, is apparent from the testimony. He had the tools and habiliments of a burglar. The jury were instructed that before they could convict there must exist a criminal intent, and such intent was a question of fact manifested by the circumstances connected with the offense, and in determining whether the acts of defendant were committed with a criminal intent they could consider testimony either direct or circumstantial.

We believe the facts and circumstances here in evidence were ample and sufficient to support the verdict of the jury.

In the case of *People* v. *Montgomery,* 15 Cal. App. 316 [114 Pac. 792], whether the gun was loaded was one of fact for the jury. They had the right to determine from the facts and circumstances connected with the conduct of the defendant that the gun was loaded, regardless of his statement to the contrary.

In the case of *People* v. *Spencer,* 16 Cal. App. 759 [117 Pac. 1039], it became necessary to prove that defendant had no money or credit in a certain bank in the state of Washington. The fact that there was no money or credit in such bank was proved by circumstantial evidence.

In the case of *People* v. *Jones,* 123 Cal. 65 [55 Pac. 698, 700], commenting on the degree of proof necessary to estab-

lish the *corpus delicti* before permitting proof of the defendant's extrajudicial statements, it was said:

"A distinction must be taken between the evidence which upon the whole case would justify a conviction, and that degree of proof of criminal agency . . . for the purpose of letting in evidence of the confessions or admissions of the defendant. To justify a conviction, the jury must be satisfied beyond a reasonable doubt of the existence of every fact necessary to constitute the offense and to identify the defendant as the perpetrator; but it is not necessary that the evidence of the criminal act should be of that conclusive character in order to justify the admission of the defendant's confession."

The order of proof on the hearing is a matter within the discretion of the court. The receipt of evidence out of its usual order is not a ground for reversal unless it appears grave injury had resulted therefrom. Such injury is not here apparent.

As to the second point raised by defendant, it appears that some twenty-two days lapsed between the date of conviction and the date of the sentence. Section 1191 provides in effect that after a plea or verdict of guilty, the court must appoint a time for pronouncing judgment which must not be less than two nor more than five days after the verdict, provided, however, that the court may extend the time not more than ten days for the purpose of hearing or determining any motion for a new trial or in arrest of judgment. Failure to impose sentence within the time thus specified was in the case of *People* v. *Zuvela,* 191 Cal. 223 [215 Pac. 907], held to be an error of procedure within the meaning of section 4½ of article VI of the Constitution. A new trial will not be granted because of such error unless an examination of the entire record discloses that the error complained of resulted in a miscarriage of justice.

From examination of the record we are entirely convinced of the guilt of defendant, and no injury has been sustained by the delay of the court in pronouncing judgment and sentence.

For the foregoing reasons the judgment and the order of the court are affirmed.

Thompson, J., and Plummer, J., concurred.