[Crim. No. 2801. Second Appellate District, Division Two.—November 19, 1935.]

THE PEOPLE, Respondent, v. RICHARD S. HOWARD, Appellant.

Franklin B. MacCarthy and Ingall W. Bull for Appellant.

U. S. Webb, Attorney-General, and Alberta Belford, Deputy Attorney-General, for Respondent.

McCOMB, J., *pro tem.*—Appellant was convicted after a trial by the court without a jury of assault with a deadly weapon. This is an appeal from the judgment and order denying a new trial.

Viewing the evidence most favorable to the prosecution (*People* v. *Dukes,* 90 Cal. App. 657, 659 [266 Pac. 558]), the facts in the instant case are:

Appellant about 2 A. M., while driving his automobile, accidentally struck a car, parked without lights. As he left his car the complaining witness, Mr. Rice, approached him, inquiring if he could be of assistance. Receiving no answer to his repeated queries, he turned to walk away, whereupon appellant struck him on the head, rendering him unconscious. Mr. Rice received a cut approximately 4 inches long on the top of his head. He also testified that he did not know whether the appellant struck him with his fist or some other object. Several hours after the incident there was found near the scene an object measuring 4½"x1"x⅞", composed of four bolts not sharp at either end and wrapped in two layers of ordinary bicycle tape. This object was received in evidence as People's exhibit No. 2.

Appellant relies for reversal of the judgment on the following propositions:

*First: The trial court committed prejudicial error in receiving in evidence People's exhibit No. 2;*

*Second: The evidence is insufficient to sustain the judgment;*

*Third: The trial court erred in denying appellant's motion for a new trial on the ground (a) of newly discovered evidence, (b) that the judgment was not pronounced within the period prescribed by section 1191 Penal Code.*

■ Appellant's first contention is fully sustained by the holding of our Supreme Court in the case of *People* v. *Hill,* 123 Cal. 571 [56 Pac. 443], wherein Mr. Justice Harrison held that the trial court erred in receiving in evidence a club alleged to have been used by defendant in committing a homicide. He says at page 574:

"The court also erred in permitting the club which McClure found in the corral to be received in evidence and exhibited to the jury. There was no evidence identifying the stick as the one with which the defendant struck the deceased, or in any way connecting the defendant with it . . . . it was necessary that there should be some evidence identifying this stick as the one with which the blow was given before it could be offered in evidence. Otherwise the jury could only conjecture that it had been used by the defendant."

In the instant case there is a total absence of any evidence that the appellant used or had ever seen prior to the time of trial the alleged deadly weapon, People's exhibit No. 2. Therefore it should not have been received in evidence.

■ Appellant's second proposition must be sustained, in view of the fact that People's exhibit No. 2, improperly received in evidence, was the sole evidence of a deadly weapon.

Appellant in his third contention claims the court committed prejudicial error in denying his motion for a new trial on the following grounds:

(a) Newly discovered evidence. It is unnecessary for us to pass upon this question, since the alleged newly discovered evidence in the main tended to show that appellant did not use a deadly weapon.

(b) That the judgment was not pronounced within the period prescribed by section 1191 of the Penal Code. ■ A new trial will not be granted because of such error, unless an examination of the trial record discloses that the error resulted in a miscarriage of justice. We are satisfied that the delay of the trial court in pronouncing judgment was not prejudicial to appellant. (*People* v. *Carter,* 130 Cal. App. 95, 97 [19 Pac. (2d) 843].)

■ From an examination of the record in this case we find the evidence insufficient to justify a conviction for the crime of assault with a deadly weapon. However, it is amply sufficient to justify a conviction of the lesser and included crime of assault. The error of the trial court may be cor-

rected without subjecting the state and the appellant to the delay and expense of a new trial. (Sec. 1181, subsec. 6, Pen. Code; *People* v. *Kelley*, 208 Cal. 387, 392 [281 Pac. 609].)

The judgment of the lower court of assault with a deadly weapon is modified. The cause is remanded to the trial court with directions to enter judgment against appellant, finding him guilty of assault and thereupon to pronounce judgment upon him as prescribed by law.

It is so ordered.

Crail, P. J., and Wood, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on December 19, 1935.