[No. S114375. Dec. 13, 2004.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL GLENN BRAXTON, Defendant and Appellant.

**COUNSEL**

Richard C. Neuhoff, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Manuel M. Medeiros, State Solicitor General, Robert R. Anderson, Chief Assistant Attorney General, Ronald A. Bass and Gerald A. Engler, Assistant Attorneys General, René A. Chacón, Ronald S. Matthias and Bruce Ortega, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**KENNARD, J.**—Penal Code section 1202[1] contains this sentence: "If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion before pronouncing judgment or the making of an order granting probation, then the defendant shall be entitled to a new trial." In this case, on the day set for sentencing, the trial court refused to entertain defendant's oral motion for a new trial. On defendant's appeal, the Court of Appeal, relying on the above quoted provision, reversed the judgment and remanded the matter for a new trial.

We granted review to address these issues: (1) Is section 1202 self-executing or must a defendant bring a motion under that provision? (2) If a separate motion is required, may this requirement be excused on the ground that making the motion would have been futile? (3) Does section 1202 require a new trial without regard to whether the trial court's failure to hear or determine the new trial motion has prejudiced the defendant? (4) If prejudice is required, may the reviewing court avoid any prejudice by remanding the matter to the trial court to hear and determine the defendant's new trial motion?

■ We resolve the issues in these ways: (1) When a trial court has refused or neglected to hear a defendant's new trial motion, a separate motion citing section 1202 is not required (and thus the futility exception does not come into play), but a defendant may forfeit a claim to the section 1202 remedy by acquiescing in the trial court's failure to hear the new trial motion. (2) A reviewing court may order a new trial under section 1202 only if the trial court's failure to hear the defendant's new trial motion has resulted in a miscarriage of justice (Cal. Const., art. VI, § 13). (3) A reviewing court may, in appropriate circumstances, prevent a miscarriage of justice by remanding the matter to the trial court for a belated hearing and ruling on the defendant's new trial motion.

**I**

On June 14, 2001, a jury returned verdicts finding defendant Michael Glenn Braxton guilty of the attempted murder of Beatrice Violet Bruno. (§§ 664, 187, subd. (a).) At the same time, the jury found that in the commission of this attempted murder defendant had personally and intentionally discharged a firearm causing great bodily injury to Bruno. (§§ 12022.7, subd. (a), 12022.53, subd. (d).) The trial court set the matter for sentencing on August 9, 2001.

---

[1] All further statutory references are to the Penal Code, unless otherwise stated.

When the matter was called on that date, defendant's trial attorney said he had "affidavits from three of the jurors that indicate there may be possible misconduct by the jury in reaching their verdicts." The trial court interrupted to ask why no motion had been filed. Defense counsel replied: "Your honor, I haven't filed a written motion for new trial. I could make it orally, but I prefer to do it in writing."

. The trial court stated: "Let me just state, Counsel, today is the date and time for sentencing. Normally motions for new trial are filed before the date for sentencing, and I haven't received anything. So as far as this Court is concerned, we are going to proceed to sentencing."

Defense counsel replied that he "would like to make a motion for new trial."

The trial court stated: "I think that, given the seriousness of these charges, any motion of that magnitude should be done in writing and in advance of today's hearing. I will certainly not entertain any oral motion."

Defense counsel said he wanted to "make a record," and reiterated that he had declarations signed by three jurors indicating possible juror misconduct. The trial court again interrupted, saying that "this all seem[ed] quite out of order," that counsel "seem[ed] to be continuing to try to make a motion for new trial," that new trial motions must be submitted in writing before a sentencing hearing, and that the court therefore did not understand what counsel was "trying to do."

Defense counsel said that he was not certain a new trial motion needed to be in writing and that he "would prefer that the matter be continued so that the motion could be—so that [he] could file a written motion." The trial court replied that motions to continue required a showing of good cause and needed to be filed "at least two days before the hearing."

The prosecutor objected to a continuance, stating that the defense had not shown good cause for a continuance and that the victims were in the courtroom expecting to address the court about defendant's sentence. Defense counsel replied that he was "sympathetic to the trauma . . . that Mrs. Bruno and her family have experienced," and he noted that defendant had been "willing to plead guilty to charges that would have subjected him to 18-and-a-half years in state prison."

The trial court said that its "sole concern" was whether or not there was good cause to continue the matter, and that it was "not going to entertain an oral motion for a new trial, there being no excuse offered for the failure to file

a written motion." The court added it was "prepared to go forward with sentencing" unless counsel could "establish some good cause" for not having filed a written new trial motion.

Defense counsel responded: "My explanation is this: It's always difficult to contact jurors, especially when we're not given the personal identification information. Secondly, that the issue that I believe is a basis for the new trial has to do with misconduct. I have researched the issue, and it's somewhat complicated. It's a serious enough case that I—I don't want to just file a very quick boilerplate motion. I'd like to—I think it's necessary that it be briefed adequately and written properly. [¶] Again, I don't think that—I think Mr. Braxton not only has a right to make a motion for new trial, for those reasons, but—I would just submit it on that issue."

The court announced its ruling: "The Court will deny defense counsel an opportunity to make an oral motion for a new trial." The court then proceeded to sentencing. The defense requested several changes in the presentence report, some of which the court agreed to make, and presented argument about the appropriate sentence. The prosecutor also presented argument about the proper sentence, after which the victim, Beatrice Violet Bruno, addressed the court, as did her daughter, and the prosecutor read a statement by the victim's husband.

When the trial court asked whether there was "any legal cause why judgment cannot now be pronounced," defense counsel replied: "No, nothing other than what was mentioned earlier this morning." The trial court then denied probation and sentenced defendant to a term of nine years for the attempted murder, consecutive to a sentence of 25 years to life for the enhancement under subdivision (d) of section 12022.53 (infliction of great bodily injury by personally and intentionally discharging a firearm).

On defendant's appeal, the Court of Appeal reversed the judgment and remanded the matter for a new trial. In its opinion, the court concluded that the trial court had erred when it refused to entertain defendant's oral motion for a new trial because in criminal cases new trial motions may be made either orally or in writing (see, e.g., *People v. Simon* (1989) 208 Cal.App.3d 841, 847 [256 Cal.Rptr. 373]) and the only time limit that section 1182 imposes is that the motion "be made and determined before judgment."[2]

---

[2] Although we do not question the Court of Appeal's determination that the trial court erred in refusing to entertain defendant's oral new trial motion made on the date set for sentencing, neither do we condone defense counsel's conduct in making the motion at this time and in this fashion. Defense counsel has a professional duty, if not a legal obligation, to notify the court and opposing counsel whenever feasible that the defense contemplates making a new trial motion at the time set for sentencing, and to indicate the proposed grounds for the motion.

The Court of Appeal further held that the trial court's error entitled defendant to a new trial. The court stated that section 1202 was not self-executing. In other words, the court concluded that when a trial court does not hear or determine a defendant's new trial motion, the defendant normally must "supplement[] the original new trial motion with a second new trial motion specifying the ground of refusing to hear or decide such a motion as required by section 1202." The court also concluded, however, that this "second motion" requirement was excused in this case. A second or supplemental new trial motion under section 1202 would necessarily have been an oral motion, and the trial court had repeatedly stated it would not entertain any oral new trial motion. Thus, making the second or supplemental motion would have been futile.

The Court of Appeal explained its holding: "In summary, the court erred in refusing to entertain [defendant]'s timely new trial motion. [Defendant] was not permitted to create a record that would permit a reviewing court to measure the harm of that error. (Cal. Const., art. VI, § 13; see *People v. Sarazzawski* [(1945)] 27 Cal.2d [7,] 11, 17 [161 P.2d 934].) He was relieved of any obligation to bring a second motion for new trial based on the court's refusal to hear his first motion, given the futility of such a second motion. For these reasons, [defendant] is entitled to a new trial under section 1202."

The Attorney General petitioned for review, raising two issues: "1. Does Penal Code section 1202 authorize the reversal of a judgment where defendant in the trial court never sought a new trial based on judicial refusal or neglect to determine an unnoticed motion for a new trial under Penal Code section 1181 made at the time of sentencing? [¶] 2. If so, does Penal Code section 1202 mandate an exclusive appellate remedy of reversal without a showing of prejudice or does subsequently enacted law provide the appellate court with authority to remand for a hearing on the section 1181 motion? (See Cal. Const., art. VI, § 13; Pen. Code, § 1260.)" Defendant's answer to the petition for review asked this court to address an additional issue in the event we granted the Attorney General's petition: "When a trial court refuses to entertain a defendant's properly brought motion for new trial, is the defendant entitled to a new trial under the second sentence of Penal Code section 1202 regardless of whether he makes a second new trial motion mentioning section 1202?" We granted the Attorney General's petition and also granted review of the additional issue defendant raised.

---

Providing this notice is particularly appropriate when, as here, a victim is planning to address the court for sentencing purposes and it is likely that proper consideration of the new trial motion will require a continuance. Should a situation of this kind nonetheless arise in the future, we suggest the trial court consider permitting the victim or victims, should they so desire, to address the court to memorialize their statements, even though the matter will then be continued for proceedings on the new trial motion before pronouncement of judgment.

## II

At the outset we are met with defendant's argument that the Attorney General has forfeited the issues he seeks to raise on review because he did not make the same contentions in the Court of Appeal. Defendant raised this objection in his answer to the petition for review and again in a motion to dismiss review. We denied defendant's motion to dismiss and now explain our reasons.

In a letter brief submitted at the Court of Appeal's request, the Attorney General argued that a second or supplemental new trial motion based on section 1202 would not have been futile, and that a remand for a hearing on the alleged jury misconduct was the proper remedy for the trial court's violation of section 1202 by failing to hear or determine defendant's new trial motion. Thus, the Attorney General did present to the Court of Appeal the same issues and arguments that he raised in his petition for review to this court.

In any event, the rule prohibiting parties from raising new issues in this court is not absolute. Rule 28(c)(1) of the California Rules of Court reads: "*As a matter of policy*, on petition for review the Supreme Court *normally* will not consider an issue that the petitioner failed to timely raise in the Court of Appeal." (Italics added.) But rule 29(b) recognizes that this court may decide "any issues that are raised or fairly included in the petition or answer" and also "an issue that is neither raised nor fairly included in the petition or answer if the case presents the issue and the court has given the parties reasonable notice and opportunity to brief and argue it." (Cal. Rules of Court, rule 29(b)(1) & (2).)

When this court granted review, by a unanimous vote of its seven justices, we necessarily determined that the issues the Attorney General raised have sufficient statewide importance to warrant an opinion from this court, and that this case presents those issues. Even assuming that the Attorney General did not timely raise in the Court of Appeal the two issues he has presented and briefed here, this court has authority under rule 29(b)(2) of the California Rules of Court to decide any issue that the case presents. There is no unfairness to defendant, who has received a full opportunity in this court to respond to the Attorney General's arguments.

## III

We consider in this part whether, when a trial court has refused or neglected to hear a defendant's new trial motion before pronouncing judgment, the defendant's entitlement to a new trial under section 1202 is conditioned on the making of another new trial motion that expressly relies on section 1202.

■ When construing a statute, a court seeks to determine and give effect to the intent of the enacting legislative body. (*Esberg v. Union Oil Co.* (2002) 28 Cal.4th 262, 268 [121 Cal.Rptr.2d 203, 47 P.3d 1069].) Normally, the first step is to examine the statute's text because the statutory language is generally the most reliable indicator of legislative intent. (*People v. Trevino* (2001) 26 Cal.4th 237, 241 [109 Cal.Rptr.2d 567, 27 P.3d 283].) The words of the statute should be given their ordinary and usual meaning and should be construed in their statutory context. (*Ibid.*; see also *Trope v. Katz* (1995) 11 Cal.4th 274, 282 [45 Cal.Rptr.2d 241, 902 P.2d 259]; *Western States Petroleum Assn. v. Superior Court* (1995) 9 Cal.4th 559, 570–571 [38 Cal.Rptr.2d 139, 888 P.2d 1268].)

Section 1202 consists of two sentences. The first sentence, concerning the time for sentencing, reads: "If no sufficient cause is alleged or appears to the court at the time fixed for pronouncing judgment, as provided in Section 1191, why judgment should not be pronounced, it shall thereupon be rendered; and if not rendered or pronounced within the time so fixed or to which it is continued under the provisions of Section 1191, then the defendant shall be entitled to a new trial." The second sentence, concerning new trial motions, reads: "If the court shall refuse to hear a defendant's motion for a new trial or when made shall neglect to determine such motion before pronouncing judgment or the making of an order granting probation, then the defendant shall be entitled to a new trial."

■ By its terms, section 1202 entitles a criminal defendant to a new trial when the trial court does any of the following: fails to pronounce judgment within the time allowed by section 1191, refuses to hear the defendant's new trial motion before sentencing, or neglects to determine the defendant's new trial motion before sentencing. Section 1202 does not expressly require a second or supplemental motion for new trial to obtain the benefit of its remedy in any of these situations. Also, it may be significant that the situations described in section 1202 are not among the grounds for a new trial motion listed in section 1181. Thus, the text of section 1202, viewed in the statutory context of the grounds for new trial motions specified in section

1181, does not support the proposition that to obtain section 1202's new trial remedy a defendant must bring a new trial motion that is expressly grounded on section 1202.

In concluding that a second or supplemental motion was required, the Court of Appeal relied primarily on appellate decisions construing the first sentence of section 1202, which states that "the defendant shall be entitled to a new trial" if the trial court, without good cause, does not pronounce judgment within the time required by section 1191. We likewise will review those decisions.

As enacted in 1872, as part of the original Penal Code, section 1202 read: "If no sufficient cause is alleged or appears to the Court, why judgment should not be pronounced, it must thereupon be rendered." In 1909, the Legislature amended section 1202 by adding the provisions entitling the defendant to a new trial if the trial court did not pronounce the sentence within the time required by law or refused to hear or neglected to determine the defendant's new trial motion. (Stats. 1909, ch. 589, § 2, p. 898.)

After the 1909 amendment, this court first construed section 1202 in *Rankin v. Superior Court* (1910) 157 Cal. 189 [106 P. 718]. There, after expiration of the time that section 1191 allowed for pronouncing judgment, the defendant petitioned this court for a writ of prohibition restraining the superior court from pronouncing judgment. We denied the petition, with this explanation: "Sections 1191 and 1202 were directed to the end of preventing delay in rendering judgment. For that purpose the power of the court to extend the time was abridged, and to prevent the superior courts from arbitrarily ignoring or disobeying the law in that respect, it was declared that if the time was extended beyond that authorized, the defendant should perforce be entitled to a new trial. If judgment was not pronounced within the time limited, *a new trial was made imperative if the defendant so desired*; he became 'entitled' to it. This does not indicate a legislative intent that the lapse of time and failure of the court to render the judgment within the time fixed should oust the court of further jurisdiction to proceed in the case and render a dismissal necessary. On the contrary, it necessarily implies that the jurisdiction shall continue and that the court shall retain authority to order the new trial and proceed therewith to verdict and final judgment. If the court should refuse a new trial and render judgment against the defendant after the authorized time has passed, its action would be erroneous and the judgment would be reversed on appeal, if an appeal should be taken. But as it would be a judgment rendered by a court having jurisdiction of the subject-matter and of the person, it would not be void, nor subject to collateral attack upon the ground of its untimely rendition. As the court, even if it does give judgment, as the petitioner alleges it to be about to do, will not be acting without, or in

excess of its jurisdiction, prohibition is not maintainable. [Citation.]" (*Rankin v. Superior Court, supra,* at pp. 191–192, italics added.)

The issue arose again in *People v. Polich* (1914) 25 Cal.App. 464 [143 P. 1065]. There, the defendant contended on appeal that he was entitled to a new trial under section 1202 because the trial court had pronounced sentence after expiration of the time fixed by section 1191. (*Polich, supra,* at p. 465.) In rejecting this contention, the Court of Appeal observed: "[I]t does not appear that the defendant objected to the pronouncing of judgment on April 3rd, or that he demanded a new trial upon the ground that the five days' limit had expired." (*Ibid.*) Citing *Rankin v. Superior Court, supra,* 157 Cal. 189, the court concluded that the trial court "might rightfully enter the judgment in the absence of a motion or demand for a new trial based upon the claim of delay in rendering judgment." (*Polich, supra,* at p. 466.)

On similar facts, the Court of Appeal reached the same conclusion a year later in *People v. Okomoto* (1915) 26 Cal.App. 568 [147 P. 598]. There, the court gave this explanation for rejecting the defendant's argument: "Here it appears that the defendant was entitled to a new trial; but it further appears that a new trial was not refused, inasmuch as he did not ask for it. . . . [I]n the absence of any objection made by the defendant at the time of pronouncing judgment and in the absence of any demand made by him for a new trial upon the ground that the legal time limit had expired, the court might rightfully enter the judgment." (*Okomoto, supra,* at p. 573.)

■ Consistent with these decisions, it is now well established that to obtain the new trial remedy that section 1202 provides for a trial court's failure to timely pronounce sentence, a defendant must promptly object and demand a new trial on the ground that the time for sentencing has expired. (*People v. Cunningham* (2001) 25 Cal.4th 926, 1044 [108 Cal.Rptr.2d 291, 25 P.3d 519]; *People v. Von Moltke* (1931) 118 Cal.App. 568, 573 [5 P.2d 917]; *People v. Manes* (1930) 104 Cal.App. 493, 497–498 [285 P. 1073]; *People v. Martinez* (1922) 57 Cal.App. 771, 778 [208 P. 170].)

Here, the Court of Appeal reasoned that if a defendant forfeits a section 1202 untimely-sentencing claim by failing to make a demand or motion for a new trial, then "by a parity of reasoning," when the trial court has refused to hear or failed to rule upon a new trial motion, a defendant forfeits entitlement to a new trial under section 1202 if the defendant does not make a second or supplemental new trial motion expressly relying on section 1202. We are not persuaded that "a parity of reasoning" supports or compels this conclusion.

■ As this court explained in *Rankin v. Superior Court, supra,* 157 Cal. 189, when the time allowed for sentencing under section 1191 expires, a

defendant becomes entitled to a new trial under section 1202 "if the defendant so desire[s]." (*Rankin, supra,* at p. 192.) Although this court did not elaborate on the point in *Rankin,* it stands to reason that a defendant will not invariably desire a new trial when the time for sentencing has elapsed. In particular, a defendant might prefer untimely sentencing to a new trial if the chances of a more favorable verdict on retrial are slight, and the defendant prefers to commence service of the sentence so it can be completed and the defendant returned to free society at the earliest possible date.

This reasoning does not apply, however, to the situations covered by the second sentence of section 1202: a trial court's refusing to hear or neglecting to rule upon a new trial motion. In these situations, the defendant has already, by bringing a new trial motion, expressed a preference for a new trial over prompt sentencing. The new trial motion is itself sufficient proof that the defendant desires a new trial.

■ This does not mean, however, that the concept of forfeiture has no application or significance in this context. If the trial court's failure to hear or rule on the new trial motion appears to be inadvertent, the defendant must make some appropriate effort to obtain the hearing or ruling. (See *People v. Cunningham, supra,* 25 Cal.4th at p. 984 [failure to "press for a ruling" on motion to sever forfeited the issue on appeal]; *People v. Bolin* (1998) 18 Cal.4th 297, 312–313 [75 Cal.Rptr.2d 412, 956 P.2d 374] [same; venue motion]; *People v. Pinholster* (1992) 1 Cal.4th 865, 931 [4 Cal.Rptr.2d 765, 824 P.2d 571] [same; motion to sever]; *People v. Morris* (1991) 53 Cal.3d 152, 195 [279 Cal.Rptr. 720, 807 P.2d 949] [objection to admission of evidence forfeited on appeal by failure to press for a ruling]; *People v. Hayes* (1990) 52 Cal.3d 577, 618–619 [276 Cal.Rptr. 874, 802 P.2d 376] [same].) " '[W]here the court, through inadvertence or neglect, neither rules nor reserves its ruling . . . the party who objected must make some effort to have the court *actually rule.* If the point is not pressed and is forgotten, [the party] may be deemed to have waived or abandoned it, just as if he had failed to make the objection in the first place.' " (*People v. Obie* (1974) 41 Cal.App.3d 744, 750 [116 Cal.Rptr. 283], quoting Witkin, Cal. Evidence (2d ed. 1966) § 1302, p. 1205, disapproved on another ground in *People v. Rollo* (1977) 20 Cal.3d 109, 120, fn. 4 [141 Cal.Rptr. 177, 569 P.2d 771]; accord, *People v. Brewer* (2000) 81 Cal.App.4th 442, 459 [96 Cal.Rptr.2d 786]; *People v. Rhodes* (1989) 212 Cal.App.3d 541, 554 [261 Cal.Rptr. 1].)

■ This is an application of the broader rule that a party may not challenge on appeal a procedural error or omission if the party acquiesced by failing to object or protest under circumstances indicating that the error or omission probably was inadvertent. (*People v. Ervin* (2000) 22 Cal.4th 48, 73 [91 Cal.Rptr.2d 623, 990 P.2d 506]; *People v. Vera* (1997) 15 Cal.4th 269,

275–276 [62 Cal.Rptr.2d 754, 934 P.2d 1279]; *People v. Saunders* (1993) 5 Cal.4th 580, 589–590 [20 Cal.Rptr.2d 638, 853 P.2d 1093]; see also *People v. Ochoa* (2001) 26 Cal.4th 398, 441 [110 Cal.Rptr.2d 324, 28 P.3d 78]; *People v. Jenkins* (2000) 22 Cal.4th 900, 1000 [95 Cal.Rptr.2d 377, 997 P.2d 1044].) " 'In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them. The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them.' " (*Sommer v. Martin* (1921) 55 Cal.App. 603, 610 [204 P. 33]; accord, *In re Seaton* (2004) 34 Cal.4th 193, 198 [17 Cal.Rptr.3d 633, 95 P.3d 896].)

■ Applying these principles to the issue before us, we conclude that when a trial court has failed to hear a defendant's motion for a new trial, the defendant need not bring a second or supplemental motion for new trial under section 1202. On the other hand, a defendant may forfeit the issue for appellate review by failing to press for a hearing or by acquiescing in the court's failure to hear the new trial motion. (See, e.g., *People v. Murphy* (1962) 207 Cal.App.2d 885, 889–890 [24 Cal.Rptr. 803]; *People v. Asher* (1969) 273 Cal.App.2d 876, 925–926 [78 Cal.Rptr. 885], overruled on another point by *People v. Satchell* (1971) 6 Cal.3d 28, 39 [98 Cal.Rptr. 33, 489 P.2d 1361].)

On the facts shown here, we conclude, as did the Court of Appeal, that defendant did not forfeit the issue by acquiescence in the court's error. The trial court's failure to hear defendant's new trial motion was not the result of inadvertence; it resulted instead from the court's repeatedly stated decision not to entertain any oral motion for a new trial. Defendant did all that could reasonably be expected or required under the circumstances to obtain a hearing of his new trial motion.

■ The Attorney General argues that defendants should be required to bring a second new trial motion in these situations because a trial court might change its position if the defendant cites section 1202 and claims an entitlement to a new trial under its provisions. We disagree. A trial court is presumed to know the governing law, and litigants generally are not required, on pain of forfeiting valuable rights, to remind trial courts of relevant statutory provisions.

■ Moreover, to require a defendant to make a second motion for new trial in this situation would have the paradoxical result of making defendants worse off than they would be if section 1202 had never been enacted. Absent section 1202, a trial court's error in failing or refusing to hear a defendant's new trial motion would be treated like any other procedural error: On appeal, a claim for reversal on this ground would be subject to rules of forfeiture for

inviting or acquiescing in the procedural error, and it would also be subject, as explained, *post*, in part IV, to the constitutional miscarriage-of-justice harmless error standard. Adding a second-motion requirement to these existing qualifications would not be consistent with the apparent legislative intent underlying section 1202, which was "to prevent the superior courts from arbitrarily ignoring or disobeying the law" by expressly acknowledging a defendant's entitlement to a new trial for these procedural errors. (*Rankin v. Superior Court, supra*, 157 Cal. at pp. 191–192.)

## IV

We consider next the constitutional rule that a judgment of conviction will be set aside only when necessary to prevent a miscarriage of justice, and the effect of this rule on the provision of section 1202 entitling a defendant to a new trial when a trial court has refused to hear the defendant's new trial motion before pronouncing judgment.

In article VI, section 13, the California Constitution provides: *"No judgment shall be set aside, or new trial granted,* in any cause, on the ground of misdirection of the jury, or of the improper admission or rejection of evidence, or for any error as to any matter of pleading, or *for any error as to any matter of procedure,* unless, after an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." (Italics added.) This provision is derived from former article VI, section 4 1/2, which was added to the state Constitution in 1911. (See *People v. Cahill* (1993) 5 Cal.4th 478, 488 [20 Cal.Rptr.2d 582, 853 P.2d 1037].) Under this provision, determining whether a procedural error has resulted in a miscarriage of justice in most instances "will depend upon an appellate court's evaluation of the effect of the error in light of the evidence at trial . . . ." (*Id.* at p. 491.) In some instances, however, an error may result in a miscarriage of justice regardless of the strength of the evidence. (*Ibid.*) In this latter category are certain structural errors that deny the defendant a fundamental constitutional right or otherwise do not lend themselves to ordinary harmless error analysis. (*Id.* at p. 493.)

It has long been established that application of the constitutional miscarriage-of-justice standard to the first sentence of section 1202, concerning timely sentencing proceedings, means that "tardy pronouncement of judgment is reversible error only if the defendant can show prejudice." (*People v. Teddie* (1981) 120 Cal.App.3d 756, 764 [175 Cal.Rptr. 49] (*Teddie*); accord, *People v. Cunningham, supra*, 25 Cal.4th at p. 1044; *People v. Ford* (1966) 65 Cal.2d 41, 47 [52 Cal.Rptr. 228, 416 P.2d 132]; *People v. Williams* (1944) 24 Cal.2d 848, 850 [151 P.2d 244]; *People v.*

*Zuvela* (1923) 191 Cal. 223, 224 [215 P. 907]; *People v. Cheffen* (1969) 2 Cal.App.3d 638, 642 [82 Cal.Rptr. 658]; *People v. Fritz* (1969) 275 Cal.App.2d 866, 872–873 [80 Cal.Rptr. 506]; *People v. Palmer* (1942) 49 Cal.App.2d 567, 574–575 [122 P.2d 109]; *People v. Chan Chaun* (1940) 41 Cal.App.2d 586, 594 [107 P.2d 455].)

In *Teddie, supra,* 120 Cal.App.3d 756, the Court of Appeal, in an opinion by then Presiding Justice Otto Kaus, concluded that the miscarriage-of-justice standard articulated in article VI, section 13 of the state Constitution has a similar effect on the second sentence of section 1202, stating that a defendant is entitled to a new trial if the trial court refused to hear or neglects to rule on a new trial motion, so that reversal is required only if the defendant has been prejudiced. The court said it could "think of no reason" why the constitutional provision should not apply in the same manner to both sentences of section 1202. (*Teddie, supra,* at p. 764.) Defendant argues, however, that *Teddie* is wrong on this point and that its holding conflicts with this court's decision in *People v. Sarazzawski, supra,* 27 Cal.2d 7 (*Sarazzawski*).

In *Sarazzawski,* the trial court sentenced the defendant to death for the crime of murder. On his appeal to this court, we reversed on two grounds. The first ground was the trial court's error in insisting that defense counsel argue the defendant's new trial motion on October 6, 1944, despite the court's previous assurance that argument would be heard 10 days later, and despite counsel's protestations that she was not prepared to argue. (*Sarazzawski, supra,* 27 Cal.2d at pp. 11–18.) The second ground was the trial court's error in instructing the prospective jurors, during voir dire, that if they honestly forgot anything during voir dire, and then after being sworn to try the case innocently discovered they had made any mistake or omission in their voir dire answers, it would be their secret and they should not disclose it to anyone. (*Id.* at pp. 18–19.) This court concluded that the giving of this erroneous instruction was prejudicial per se. (*Id.* at p. 19.) Regarding the former error, the court stated: "Refusal to permit counsel for the defendant a reasonable opportunity to both prepare and present a motion for a new trial is, under the circumstances shown here, more than a mere error in procedure. It amounts to a deprivation of a substantial statutory right *and is not covered by* [former section 4 1/2 of article VI of the state Constitution]." (*Id.* at p. 18, italics added.)

The proposition that a trial court's refusal to hear a defendant's motion for a new trial is a kind of error that "is not covered by" the constitutional harmless error provision is unsound. As our more recent decisions have explained, the constitutional provision—which precludes the reversal of a judgment or the granting of a new trial for a trial court error unless that error is determined to have resulted in a miscarriage of justice—

applies to state law errors generally. (See *People v. Crayton* (2002) 28 Cal.4th 346, 364 [121 Cal.Rptr.2d 580, 48 P.3d 1136]; *People v. Breverman* (1998) 19 Cal.4th 142, 173–174 [77 Cal.Rptr.2d 870, 960 P.2d 1094]; *People v. Cahill, supra,* 5 Cal.4th at p. 491.) Assuming that the Legislature intended, when it amended section 1202 in 1909, to require appellate courts to grant defendants new trials automatically, without any consideration of prejudice, whenever the trial court refused or neglected to hear a defendant's new trial motion, that intention must yield to the later amendment of the California Constitution, in 1911, imposing the miscarriage-of-justice limitation. This limitation applies to the state law errors mentioned in section 1202. Insofar as it held or suggested otherwise, *People v. Sarazzawski, supra,* 27 Cal.2d 7, is overruled.

How exactly does the miscarriage-of-justice limitation apply to a trial court's error in refusing to hear a defendant's motion for a new trial? In previous decisions, we have cited *Sarazzawski, supra,* 27 Cal.2d 7, for the proposition that a trial court's refusal to hear a defendant's new trial motion is a form of structural error that constituted a miscarriage of justice regardless of the strength of the evidence of the defendant's guilt. (See *People v. Superior Court (Zamudio)* (2000) 23 Cal.4th 183, 197 [96 Cal.Rptr.2d 463, 999 P.2d 686]; *People v. Flood* (1998) 18 Cal.4th 470, 488 [76 Cal.Rptr.2d 180, 957 P.2d 869]; *People v. Cahill, supra,* 5 Cal.4th at p. 495, fn. 11; *People v. Superior Court (Marks)* (1991) 1 Cal.4th 56, 70 [2 Cal.Rptr.2d 389, 820 P.2d 613]; *People v. Succop* (1967) 67 Cal.2d 785, 790 [63 Cal.Rptr. 569, 433 P.2d 473]; *People v. Modesto* (1963) 59 Cal.2d 722, 730 [31 Cal.Rptr. 225, 382 P.2d 33]; *Spector v. Superior Court* (1961) 55 Cal.2d 839, 844 [13 Cal.Rptr. 189, 361 P.2d 909].) On further consideration, we now conclude that this is not necessarily or universally true.

Section 1202 entitles a defendant to a new trial when the trial court has refused to hear or neglected to determine a defendant's motion for a new trial and a reviewing court has properly determined that the defendant suffered actual prejudice as a result. This will occur when, for example, the reviewing court properly determines from the record that the defendant's new trial motion was meritorious as a matter of law, or the record shows that the trial court would have granted the new trial motion and the reviewing court properly determines that the ruling would not have been an abuse of discretion. (See, e.g., *In re Rothrock* (1939) 14 Cal.2d 34, 38, 41 [92 P.2d 634].) In these situations, the trial court's error has resulted in a miscarriage of justice within the meaning of article VI, section 13 of the California Constitution.

On the other hand, a judgment of conviction may not be reversed and a new trial may not be ordered for a trial court's failure to hear a new trial motion when a reviewing court has properly determined that the defendant suffered no prejudice as a result. This will occur when, for example, the record shows that the trial court would have denied the new trial motion and the reviewing court properly determines that the ruling would not have been an abuse of discretion, or the reviewing court properly determines as a matter of law that the motion lacked merit. (See, e.g., *Teddie, supra,* 120 Cal.App.3d at p. 763; see also *People v. Allen* (1986) 42 Cal.3d 1222, 1260, fn. 18 [232 Cal.Rptr. 849, 729 P.2d 115] (lead opn. of Grodin, J.); *People v. Murphy, supra,* 207 Cal.App.2d at p. 890; *People v. Chan Chaun, supra,* 41 Cal.App.2d at pp. 593–594.)

In some cases, a trial court's refusal to hear a new trial motion will result in a record from which a reviewing court will be unable to determine with sufficient certainty whether the new trial motion was meritorious as a matter of law or whether the trial court would properly have exercised its discretion in favor of granting or denying the new trial. Here, for example, the trial court did not permit defense counsel to present the juror declarations he had obtained or to explain the nature of the claimed juror misconduct, and the trial court expressed no view on the merits of the proposed motion. We consider these situations in the next part.

## V

When a trial court has refused to hear a defendant's new trial motion before pronouncing judgment, may a reviewing court remand the matter to the trial court for a belated hearing and a ruling on the defendant's new trial motion?

Section 1260 provides that, on an appeal from a judgment of conviction, a reviewing court "may reverse, affirm, or modify a judgment or order appealed from, or reduce the degree of the offense or attempted offense or the punishment imposed, and may set aside, affirm, or modify any or all of the proceedings subsequent to, or dependent upon, such judgment or order, and may, if proper, order a new trial and *may, if proper, remand the cause to the trial court for such further proceedings as may be just under the circumstances.*" (Italics added.)

A limited remand is appropriate under section 1260 to allow the trial court to resolve one or more factual issues affecting the validity of the judgment but distinct from the issues submitted to the jury, or for the exercise

of any discretion that is vested by law in the trial court. (See, e.g., *People v. Rodriguez* (1998) 17 Cal.4th 253, 258–260 [70 Cal.Rptr.2d 334, 949 P.2d 31]; *People v. Hedgecock* (1990) 51 Cal.3d 395, 420–421 [272 Cal.Rptr. 803, 795 P.2d 1260]; *People v. Brooks* (1980) 26 Cal.3d 471, 483 [162 Cal.Rptr. 177, 605 P.2d 1306]; *People v. McGee* (2002) 104 Cal.App.4th 559, 571–573 [128 Cal.Rptr.2d 309]; *People v. Von Villas* (1992) 11 Cal.App.4th 175, 259–261 [15 Cal.Rptr.2d 112].) In one case, this court determined that, because of the passage of time, remand was not feasible. (*People v. Snow* (1987) 44 Cal.3d 216, 226–227 [242 Cal.Rptr. 477, 746 P.2d 452]; see also *People v. Ayala* (2000) 24 Cal.4th 243, 296–297 [99 Cal.Rptr.2d 532, 6 P.3d 193] (dis. opn. of George, C. J.).) Generally, however, if there is any reasonable possibility that the parties can fairly litigate and the trial court can fairly resolve the unresolved issue on remand, reviewing courts have ordered the remand with directions that the defendant must receive a new trial if, for one reason or another, a fair hearing is no longer possible.

 Defendant here has not argued, much less presented evidence, that the passage of time has resulted in a dimming of memories, destruction of relevant documents, unavailability of material witnesses, or any other circumstance that would now preclude a fair hearing on the jury misconduct claim that the trial court refused to entertain. In short, he has not argued that a remand for a belated hearing is infeasible. Instead, defendant cites *Sarazzawski, supra,* 27 Cal.2d 7, for the proposition that a trial court's refusal to entertain a new trial is prejudicial per se and requires a new trial in every instance, or at least in every instance where the appellate record is inadequate to permit the reviewing court to conclusively determine that the trial court's error was not prejudicial. As noted above, *Sarazzawski* is unsound to the extent it suggests that a new trial is required whenever a trial court has refused to entertain a criminal defendant's motion for a new trial. Moreover, in *Sarazzawski* this court never considered the feasibility of a remand for a belated hearing on the defendant's new trial motion, and an appellate court's opinion is not authority for propositions the court did not consider or on questions it never decided. (*People v. Sapp* (2003) 31 Cal.4th 240, 262 [2 Cal.Rptr.3d 554, 73 P.3d 433].)

 We conclude that when, as here, a trial court has refused to hear a defendant's new trial motion, and the appellate record is insufficient to permit a reviewing court to determine as a matter of law whether the proposed motion was meritorious, the reviewing court may remand the matter to the trial court for a belated hearing of the new trial motion, absent a showing that a fair hearing of the motion is no longer possible.

CONCLUSION AND DISPOSITION

When, as happened in this case, a trial court does not afford a criminal defendant a hearing on the defendant's new trial motion, section 1202 entitles the defendant to a new trial. To exercise this entitlement, the defendant need not make a second or supplemental new trial motion in the trial court relying on section 1202. To avoid forfeiture of the claim on appeal, it is sufficient that the defendant did not acquiesce in the trial court's failure to hear the motion, but instead made reasonable efforts to obtain a hearing.

A defendant's entitlement to a new trial under section 1202 is qualified by the constitutional command that a new trial should be granted for procedural error only to prevent a miscarriage of justice. A trial court's refusal to hear a new trial motion does not result in a miscarriage of justice if the appellate record allows the reviewing court to determine, as a matter of law, that the new trial motion lacked merit or that the trial court would properly have exercised its discretion to deny the motion. In these cases, the reviewing court should affirm the judgment of conviction. On the other hand, if the appellate record does not permit the reviewing court to make this determination, then the reviewing court normally should remand the matter to the trial court for a belated hearing on the defendant's new trial motion. If after remand the trial court determines either that the new trial motion is meritorious, or that a fair hearing of the new trial motion is no longer feasible for one reason or another, the defendant must receive a new trial.

The Court of Appeal's judgment is reversed. That court is directed to remand the matter to the trial court for a hearing on defendant's motion for a new trial on the ground of jury misconduct.

George, C. J., Baxter, J., Werdegar, J., Chin, J., Brown, J., and Moreno, J., concurred.

Appellant's petition for a rehearing was denied February 23, 2005.