Filed 1/12/15  P. v. Luxsamana CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E060672 |
| v. | (Super.Ct.No. FVI1301833) |
| ADAM T. LUXSAMANA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  John M. Tomberlin, Judge.  Affirmed in part; reversed in part and remanded with directions.

Neil Auwarter, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General,  Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Adam Luxsamana is serving eight years in prison after pleading guilty to receiving stolen property as a second striker.  He challenges the $1600 restitution fine

1

imposed at sentencing, arguing the sentencing court incorrectly concluded it was required to multiply the minimum fine by the number of years of imprisonment. We reverse the imposition of the fine, direct the trial court to exercise its discretion to set the fine, and otherwise affirm.

## FACTS AND PROCEDURE

On March 29, 2013, defendant was stopped for a traffic violation and officers found stolen items in his vehicle.

On December 18, 2013, the People filed an information charging defendant with receiving stolen property (Pen. Code § 496, subd. (a))[1] and alleging he committed the offense for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)A)). The People also alleged defendant had two prior strike convictions (§ 1170.12, subds. (a) - (d), & 667, subds. (b) – (i)) and five prior prison term convictions (§ 667.5, subd. (b)).

On February 19, 2014, defendant pled guilty to receiving stolen property and admitted the gang allegation and one of the strike priors. The trial court dismissed the other strike prior and the five prison term priors. The court sentenced defendant to two years for the receiving conviction, doubled to four for the strike prior, plus the upper term of four years for the gang allegation, for a total of eight years in prison. The court imposed a $1600 restitution fine and a corresponding $1600 parole revocation fine. In doing so, the court engaged in the following exchange with defense counsel:

---

[1] All section references are to the Penal Code unless otherwise indicated.

"[THE COURT]: This is eight years. I'm going to order that you'll pay a $1,600 restitution fine. I'm going to order that collected from you by the Department of Corrections. I'm going to impose a separate restitution[2] fine of $1,600. I'm going to order that permanently stayed unless your parole is revoked, in which case it will be imposed. [¶] . . . [¶] Can he afford to pay for the cost of his legal representation, Mr. Bremser?

"[DEFENSE COUNSEL]: No, Your Honor. I would also object to anything beyond the minimum restitution fine.

"[THE COURT]: Minimum restitution fine is $200 per year. I'm giving him eight years in the state prison. That's the minimum restitution fine.

"[DEFENSE COUNSEL]: My position is it's a minimum $200 for the entire case.

"[THE COURT]: Nevertheless, I'm imposing $1,600. I believe it is $200 per year is the amount that is the appropriate amount that if you look in your book you will find the Court is supposed to impose. I do not intend to deviate downward from that amount, but I will find that based upon the fact that he's receiving an eight-year prison sentence based upon your representation that he doesn't have the money or means to reimburse court appoint counsel fees."

This appeal followed.

---

[2] This second fine is in fact a parole revocation fine. (§ 1202.45)

## DISCUSSION

Defendant asks us to order the restitution fine modified to $280,[3] which is the minimum required by statute, because the sentencing court intended to impose the statutory minimum and incorrectly believed it was required to multiply the minimum fine by the number of years of imprisonment. The People respond that we should affirm the fine imposed or, in the alternative, remand for further consideration by the sentencing court. We conclude that the trial court misunderstood its discretion and remand for the sentencing court to exercise its discretion.

"In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense. If the person is convicted of a felony, the fine shall not be less than . . . two hundred eight dollars ($280) starting on January 1, 2013 . . . and not more than ten thousand dollars ($10,000) . . . [¶] (2) In setting a felony restitution fine, the court may determine the amount of the fine as the product of the minimum fine pursuant to paragraph (1) multiplied by the number of years of imprisonment the defendant is ordered to serve, multiplied by the number of felony counts of which the defendant is convicted." (§ 1202.4, subd. (b).)

---

[3] The minimum restitution fine at the time of the offense was $280, not $200 as the court and parties believed. (§ 1202.4, subd. (b)(1).)

The trial court selected $1600 in apparent reliance on the optional formula provided by subdivision (b) of section 1202.4.  When questioned about that amount, it stated "Minimum restitution fine is $200 per year.  I'm giving him eight years in the state prison.  That's the minimum restitution fine."  Thus, the record before us indicates that the trial court misunderstood its discretion to impose the statutory minimum of $280 without relying on the optional formula.

When a sentencing choice "is based on an erroneous understanding of the law, the matter must be remanded for an informed determination.  [Citations.]" (*People v. Downey* (2000) 82 Cal.App.4th 899, 912.)  "A limited remand is appropriate . . . for the exercise of any discretion that is vested by law in the trial court.  [Citations.]" (*People v. Braxton* (2004) 34 Cal.4th 798, 818–819.)

### DISPOSITION

The imposition of the section 1202.4 restitution fine, and the related suspended section 1202.45 parole revocation restitution fine, are reversed.  The superior court is directed to hold a hearing to exercise its discretion to impose the fines in an amount as required by section 1202.4.  If an amount other than $1600 is imposed, the superior court clerk is directed to forward certified copies of the minute order and amended abstract of judgment reflecting the imposition of the new amount to the Department of Corrections

5

and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.


We concur:

HOLLENHORST
J.

KING
J.