Filed 3/24/15  P. v. Shaba CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>RANSE SHABA,<br><br>    Defendant and Appellant. | D065501<br><br><br>(Super. Ct. Nos. SCD232237,<br>    SCD233745) |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed.

Steven J. Carroll, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson, Lynne G. McGinnis and Kristine A. Gutierrez, Deputy Attorneys General, for Plaintiff and Respondent.

This appeal is from a sentencing involving two different cases. In case No. SCD233745, Ranse Shaba entered a guilty plea to one count of first degree robbery in concert (Pen. Code,[1] §§ 211 & 213, subd. (a)(1)(A)). He also admitted personal use of a firearm (§ 12022.53, subd. (b)). The parties agreed to a stipulated sentence of 13 years in prison.

In case No SCD232237, Shaba entered a guilty plea to first degree robbery and admitted the personal use of a firearm. The parties agreed the total sentence for the two cases would be 18 years four months in prison.

In case No. SCD232237 the court imposed a restitution fine of $1,540 (§ 1202.4). In case No. SCD233745 the court imposed a restitution fine of $3,640. Shaba did not object to either of the restitution fines.

Shaba appeals challenging only the amounts of the restitution fines. He argues, for the first time on appeal, that at the time of his offenses the minimum restitution fine under the statute was $200. At the time of sentencing the minimum fine was $280. Shaba speculates that the fines imposed were erroneously based on the trial court's mistaken view that the minimum fine was $280. Thus Shaba contends the fines violate the state and federal prohibitions against ex post facto punishment. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9.) We will first determine that Shaba has forfeited his claim by failing to make a timely objection in the trial court. In any event, since the fines imposed are well below the statutory maximum the court could have imposed and there is

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

nothing in the record to suggest the trial court was unaware of the correct amount of the minimum fine applicable to these crimes, Shaba has failed to provide a record which would justify reversal of the trial court's decision.[2]

## DISCUSSION

Shaba recognizes that ordinarily sentencing issues not raised in the trial court are forfeited on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 352-353; *People v. Gibson* (1994) 27 Cal.App.4th 1466, 1468.) He contends, however the sentence imposed is "unauthorized" and thus is not forfeited by failing to timely raise it in the trial court. He claims the fines imposed were outside the jurisdiction of the trial court. Shaba is wrong on both points.

Since there is no discussion of the basis of the fines in the record, Shaba speculates they were both based on an erroneous assumption of the minimum amount. He notes both fines are divisible by $280, thus the trial court must have erred in its calculations. The difficulty with Shaba's position, as he recognizes in his briefs, we presume the trial court was aware of the law and properly applied it, in the absence of a record that demonstrates the contrary. (*People v. Braxton* (2004) 34 Cal.4th 798, 814; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

At the time of the offenses in this case section 1202.4, subdivision (b)(1) provided in part: "(b) In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary

---

[2] Since the facts of the offenses are not relevant to the very narrow issue on appeal we will omit the traditional statement of facts

reasons for not doing so, and states the reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall not be less than two hundred dollars ($200), and not more than ten thousand dollars ($10,000), if the person is convicted of a felony."

Nothing in the statute, nor in case law presented to us compels a trial court to calculate a fine using a particular base amount. The court had the jurisdiction under the statute to impose fines of up to $10,000 in this case. The fines imposed fall well within the jurisdiction of the court. That they may be divisible by $280, does not demonstrate the trial court's lack of knowledge of the applicable law. Of course, a timely objection would have clarified the issue, and if there was a misconception on the part of the trial court, it could have been corrected. By failing to raise the issue, the appellant has deprived the trial court of the opportunity to correct any possible error, and has deprived this court of a record which would permit meaningful review. The issue has been forfeited.

In any event, as we have pointed out, the total of the fines is well below the maximum authorized by statute. The calculation of the fines was within the trial court's discretion. Nothing in this record shows either legal error or abuse of discretion. Accordingly, we reject Shaba's contention that the fines at issue violated the protection against ex post facto punishments.

DISPOSITION

The judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


AARON, J.


IRION, J.

5