Filed 5/18/15  P. v. Cavazos CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br>     Plaintiff and Respondent, <br><br> v. <br><br> GILBERT ADAME CAVAZOS, <br><br>     Defendant and Appellant. | F068176 <br><br> (Fresno Super. Ct. No. F12907169) <br><br><br> **OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Denise L. Whitehead, Judge.

Jean M. Marinovich, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*] Before Franson, J., Poochigian, Acting P.J., and Detjen, J.

## INTRODUCTION

Appellant/defendant Gilbert Adame Cavazos was sentenced to the second strike term of eleven years after pleading no contest to assault with a deadly weapon with a personal use enhancement. On appeal, his appellate counsel has filed a brief that summarizes the facts with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).) We affirm.

## FACTS[1]

On September 11, 2012, Paula Camarena visited defendant's home. They had been friends since childhood. Defendant welcomed her in, and they sat down and visited.

After they had talked for 10 minutes, defendant excused himself and went into another room. He returned a few minutes later, and he acted differently. He seemed confused and did not recognize her. Defendant asked Camarena who she was and what she was doing in the house. Camarena had never seen him like this. She tried to talk to him and asked what he did when he left the room. Defendant acted "kind of scary," and she became frightened and decided to leave.

As Camarena tried to leave, defendant called her name and told her not to leave. He suddenly grabbed her hair, she felt something poke at her, and then felt something tear from her head and back. Camarena felt "gushes and strains" of blood dripping down her face. She pushed defendant away and ran out the door.

Camarena ran into the front yard. She was screaming for help and washing off the blood with a hose. Defendant's neighbor saw her and called 911.

Camarena was taken to the hospital for treatment of multiple slashing wounds on her body. She had a five-centimeter laceration to her scalp that required six staples; a two-centimeter laceration to her forehead that required six stitches; and a 0.5-centimeter

---

[1] The facts are from the preliminary hearing and the probation report.

2.

laceration to her shoulder which required two stitches. The wounds left scars on her body.

The police arrested defendant. He had a blank stare on his face, he acted confused, and there was blood on his shoulder and shorts. His behavior was consistent with being under the influence of PCP, and he later tested positive for the drug. The police found a knife in the kitchen's trash can.

**Procedural History**

On October 9, 2012, an information was filed in the Superior Court of Fresno County charging defendant with assault with a deadly weapon, a knife (Pen. Code, § 245, subd. (a)(1)),[2] with the special allegations that he personally inflicted great bodily injury (§ 12022.7, subd. (a)), and had one prior strike conviction and one prison term enhancement. Defendant pleaded not guilty.

On July 22, 2013, defendant rejected the prosecution's offer of a stipulated midterm of nine years. However, he pleaded no contest to the charged offense, and admitted the great bodily injury enhancement and the prior conviction. He entered into an open plea for the court to consider dismissing the prior strike conviction or imposing the low term, and acknowledged he faced a maximum term of 11 years. The court granted the prosecution's motion to dismiss the prior prison term enhancement and another unrelated case. Thereafter, defendant filed a motion for the court to dismiss his prior strike conviction for voluntary manslaughter with a gun in 1991.

On August 20, 2013, the court denied defendant's request to dismiss the prior strike conviction. The court imposed the upper term of four years, doubled to eight years as the second strike sentence, plus a consecutive term of three years for the enhancement, for an aggregate term of 11 years.

---

[2] All further statutory citations are to the Penal Code unless otherwise indicated.

On October 10, 2013, defendant filed a timely notice of appeal based on the sentence or other matters occurring after the plea. He did not request or obtain a certificate of probable cause.

On January 29, 2014, defendant filed a motion in superior court to correct the calculation of custody credits in the abstract of judgment. On February 25, 2014, the court filed an amended and corrected abstract.

## DISCUSSION

As noted above, defendant's counsel has filed a *Wende* brief with this court. The brief also includes the declaration of appellate counsel indicating that defendant was advised he could file his own brief with this court. By letter on March 5, 2014, we invited defendant to submit additional briefing. To date, he has not done so.

In our review of the record, we note that prior to his plea, defendant filed a motion to discharged his appointed attorney pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*), and the court never addressed the motion. As we will explain, however, defendant abandoned the motion.

### Defendant's *Marsden* Motion

On May 28, 2013, defendant filed a *Marsden* motion with the superior court. The motion was a preprinted form, in which defendant filled in his name and case number. He signed a declaration in support of the motion and checked three preprinted boxes as the reasons for relieving his attorney, based on counsel's alleged refusal and/or failure to perform investigations that were critical and necessary to the defense; prepare and file motions critical to the defense; and declare prejudice and/or a conflict against defendant and had taken the role of a surrogate prosecutor against defendant's interests. Defendant's motion stated that he wanted it to be heard on May 28, 2013.

While this motion contains a file-stamp from the superior court, the instant record contains a declaration from a deputy clerk, that the motion was filed at the felony

4.

department counter on May 28, 2013, and not during the proceedings that day in the courtroom.

In any event, the superior court never addressed defendant's *Marsden* motion or conducted a hearing on the matter. When a defendant seeks to replace his appointed counsel, "the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of counsel's inadequacy. [Citations.]" (*People v. Cole* (2004) 33 Cal.4th 1158, 1190.) However, a defendant who makes a timely *Marsden* motion may, by his postmotion conduct, abandon his request for a *Marsden* hearing. (*People v. Vera* (2004) 122 Cal.App.4th 970, 981–982; *People v. Jones* (2012) 210 Cal.App.4th 355, 361.) Moreover, when a "court's failure to hear or rule on [a] motion appears to be inadvertent," a defendant will be deemed to have waived or abandoned the motion unless the defendant "make[s] some appropriate effort to obtain [a] hearing or ruling. [Citations.]" (*People v. Braxton* (2004) 34 Cal.4th 798, 813; *People v. Jones*, *supra*, 210 Cal.App.4th at pp. 361–362.)

Based on the entirety of the record, we find defendant waived or abandoned his *Marsden* motion. On May 28, 2013, the day he wanted the motion heard, the court conducted the pretrial hearing. Defendant appeared with his appointed counsel, who said defendant wanted to settle the case. The prosecutor replied there was an outstanding offer. Defense counsel asked for a continuance, and the court granted the motion and set the trial for June 10, 2013. Defendant entered a general time waiver. The court did not address the *Marsden* motion, and defendant did not raise the matter.

On July 22, 2013, Judge Conklin assigned the matter for trial. Defendant was present with his appointed counsel and did not raise the *Marsden* motion, and the court did not address it. The parties appeared before Judge Vogt for trial, where defendant entered into the plea agreement. The court advised defendant of his constitutional rights, and defendant stated he understood and waived his rights. The court asked defendant if he had enough time to talk to his attorney about the plea, and if he reviewed the plea form

5.

with his attorney. Defendant said yes. The court asked defendant if he had any questions, and defendant said no. The court did not address the *Marsden* motion, and defendant did not address the matter.

On August 20, 2013, defendant appeared for the sentencing hearing with his appointed counsel, who made a lengthy argument to dismiss the prior strike conviction. The court did not address the *Marsden* motion, and defendant did not raise it.

In this case, the court's failure to conduct a *Marsden* hearing was plainly inadvertent. As the proceedings progressed, defendant continued to appear with his appointed counsel, accepted her assistance during the plea hearing, said he had reviewed the plea form with his attorney, he had adequate time to talk with her about the plea, he was entering the plea freely and voluntarily, and never raised the *Marsden* issue again.

"Defendant had the duty of bringing his motion to the trial court's attention at a time when the oversight could have been rectified. [Citation.] We conclude defendant's failure to raise the issue before the matter proceeded to trial constituted abandonment of his claim." (*People v. Jones*, *supra*, 210 Cal.App.4th at p. 362.)

After further independent review of the record, we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.