Filed 5/1/21  P. v. Baptiste CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>ARMAND WILLIAM BAPTISTE,<br><br>      Defendant and Appellant. | C091255<br><br>(Super. Ct. No. 18CF03080) |

Following a bench trial, the court found defendant Armand William Baptiste guilty of possession of methamphetamine for sale and found true a related special allegation.  The court granted defendant a three-year term of formal probation.  On appeal, defendant contends the trial court erred in failing to inquire into defense counsel's declared conflict of interest and, as a result, violated his right to effective assistance of counsel.

Given the confused record presented by this case, we ordered the parties to supplementally brief certain happenings in the trial court.  After a thorough review of the

1

briefing and record, we conclude that defendant has not shown prejudicial error.

Accordingly, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

During the execution of a search warrant at a residence, law enforcement saw defendant drop to the ground behind some potted plants in the yard. Law enforcement detained defendant and found a plastic bag containing 32.5 grams of methamphetamine near one of the potted plants. Defendant was charged with possession of methamphetamine for sale. (Health. & Saf. Code, § 11378.) It was further alleged that defendant possessed for sale and sold a substance containing 28.5 grams or more of methamphetamine and 57 grams or more of a substance containing methamphetamine. (Pen. Code, § 1203.073, subd. (b)(2).)

On the first day of trial, counsel for defendant, Nicole Diamond, informed the court that, after reviewing body camera footage from the arrest, "it is [defendant]'s request that he would like to challenge the search warrant." The search warrant included sealed portions. Diamond continued: "Now, if that is the case, I would have to declare a conflict in the matter." Diamond did not disclose *any* basis for the conflict; however, as the parties conceded in supplemental briefing, she was the deputy district attorney at defendant's arraignment.

The prosecutor opposed any delay, noting that the case had been set for jury trial multiple times, delayed for over a year, and had gone through multiple defense attorneys. The trial court responded: "Well, it's a discovery issue. [¶] Is that right, Ms. Diamond, it's a discovery issue?" Diamond confirmed the trial court's statement, but still did not say anything about the basis for her conflict.

The parties confirmed that the relevant body camera footage had been discovered and provided to defendant's attorneys. Diamond explained that defendant "would like an attorney to challenge the warrant and what is in the warrant and potential issues of individuals found in the home in relation to the warrant and their possible involvement,

2

not necessarily the warrant but with what [defendant] is being accused of." The prosecutor responded: "I'm not sure the issue that Ms. Diamond is attempting to get to. The incident occurred as a result of a search warrant. The warrant has been discovered. The body cameras have been discovered."

Diamond stated that defendant "ha[s] a right to challenge or ask the Court to look into the sealed portion and that is his wish at this time." She continued that "there may be something that [defendant's other attorneys] might be able to challenge within a warrant, and so that's [defendant]'s request." Diamond concluded: "It's simply looking at the totality of everything that was provided when requested by [the prosecutor] that [defendant] formed the decision to challenge the warrant." The prosecutor, apparently still uncertain as to precisely what Diamond was requesting, continued to oppose her request but agreed: "I think [defendant] has a right to bring a motion."

The prosecutor noted that the warrant had been "rediscovered and rediscovered" to various defense attorneys and was most recently discovered to Diamond during the month prior to trial. Neither party addressed any issue of conflict again, and neither party mentioned that the "discovery request" referenced earlier was apparently related to a request for the trial court to review the sealed portions of the warrant. Both the prosecutor and Diamond confirmed the matter was submitted. The court then ruled: "The request is denied" without elaboration.

Following a bench trial, the trial court found defendant guilty and found the special allegation to be true. The court suspended imposition of sentence and granted defendant formal probation for three years with the condition that he serve 120 days in county jail.

Defendant filed a timely notice of appeal.

## DISCUSSION

Defendant's sole claim on appeal is that the trial court failed to sufficiently inquire whether defendant's trial counsel had a conflict of interest in continuing to represent

3

defendant after she asserted a conflict of interest on a possible motion related to the search warrant. We requested supplemental briefing to flesh out certain questions that presented upon review of the briefing and record, as we explain in more detail *post*. Defendant's claim remains that the trial court failed to inquire.

The Sixth Amendment to the United States Constitution and article I, section 15 of the California Constitution guarantee a defendant the right to effective assistance of counsel. (*People v. Bonin* (1989) 47 Cal.3d 808, 833.) The purpose of that right is to ensure that the defendant receives a fair trial. (*Id.* at p. 834.) Included in the right to effective assistance of counsel is the right to representation free from conflicts of interest. (*Id.* at pp. 833-834.) The trial court must make an inquiry into the matter when it knows, or reasonably should know, of the possibility of a conflict of interest on the part of defense counsel. (*Wood v. Georgia* (1981) 450 U.S. 261, 272; *Bonin*, at p. 836.) However, "A trial court's failure to inquire into the possibility of a conflict of interest or to adequately respond to its inquiry is reversible error only if the defendant shows 'that an actual conflict of interest existed and that that conflict adversely affected counsel's performance.' [Citation.]" (*People v. Jones* (1991) 53 Cal.3d 1115, 1137.) We examine the facts before the trial court to determine whether a duty of inquiry existed. (*Wood,* at pp. 272-274.)

Defendant contends that when "Diamond informed the court that she could not bring a motion to challenge the search warrant because she had a conflict of interest, the trial court was on notice that [defendant]'s right to counsel was compromised" but failed to make an appropriate inquiry. But the court *did* inquire; as we have set forth *ante*, Diamond had the chance to clarify her request and press for an informed ruling thereon, and she failed to do so. Diamond was vague and non-responsive in her conversation with the court and prosecutor. The court expressed some confusion regarding Diamond's request and asked Diamond if it was a discovery issue, and Diamond confirmed it was, but did not elaborate. Although Diamond did say later in the hearing that defendant

4

"ha[s] a right to challenge or ask the Court to look into the sealed portion and that is his wish at this time," she never articulated what *her conflict*, if any, with that "wish" might be. The prosecutor also expressed uncertainly as to Diamond's request: "I'm not sure the issue that Ms. Diamond is attempting to get to. The incident occurred as a result of a search warrant. The warrant has been discovered. The body cameras have been discovered."

Diamond had several opportunities during this colloquy to clarify her request but failed to so do. Indeed, both defendant and the Attorney General agree in their supplemental briefing that it is not clear from the record what request the trial court denied: a request to challenge the warrant or a request to be relieved due to an unarticulated conflict. We agree with the parties that the record is unclear, not only as to Diamond's request but also as to the trial court's ruling.

It appears the trial court did initially pause and inquire into the basis of the declared conflict of interest but received imprecise answers to its questions. The court was then forced to attempt to flesh out what the "discovery issue" might be, which drew its attention, understandably, to the status of the pretrial discovery in this case. After that, Diamond appeared to abandon her argument and failed to secure a precise ruling on her assertion of conflict, if indeed she was still making that claim. Where the trial court's failure to rule on a request appears to be inadvertent, the defense "must make some appropriate effort to obtain the hearing or ruling." (*People v. Braxton* (2004) 34 Cal.4th 798, 813, 814 [failure to obtain ruling on a motion for a new trial forfeited on appeal]; see *People v. Cunningham* (2001) 25 Cal.4th 926, 984 [failure to "press for a ruling" on motion to sever forfeited the issue on appeal]; *People v. Bolin* (1998) 18 Cal.4th 297, 312-313 [failure to seek "a definitive ruling" on venue motion forfeited on appeal].) Here, even assuming Diamond was attempting to articulate that she was conflicted by defendant's wish to seek discovery related to the sealed warrant, she failed to clarify her request when the court and the prosecutor expressed confusion, and she failed to pursue

5

the underlying conflict of interest issue or seek a ruling thereon.  The resulting confusion culminated in an ambiguous ruling that does not appear to match defendant's claim of error on appeal.

Even were we to assume inadequate inquiry here, defendant has not shown that " 'an actual conflict of interest existed and . . . adversely affected counsel's performance.' " (*People v. Jones, supra,* 53 Cal.3d at p. 1137.)  The record does not clearly reveal an actual conflict of interest; the parties agree that Diamond's appearance as the People's representative at arraignment in and of itself does not signal a conflict, as do we.  Nor can we decipher from the record whether there was a tactical reason for abandoning the conflict issue or failing to push forward with a request to review the sealed portion of the search warrant such that counsel's performance was adversely affected.  We cannot discern whether defendant suffered any prejudice, because the record discloses neither the precise nature of Diamond's asserted conflict of interest nor any information regarding the sealed portion of the warrant.  While we express no opinion on whether defendant may be able to pursue a remedy for ineffective assistance of counsel in the trial court, we note that our record on appeal is inadequate to demonstrate such a claim.  (See *People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [where claim of ineffective assistance of counsel depends on matters outside the record, it is "more appropriately decided in a habeas corpus proceeding"].)

Accordingly, we conclude defendant has not demonstrated prejudicial error.

## DISPOSITION

The judgment is affirmed.

/s/
Duarte, J.

We concur:

/s/
Raye, P. J.

/s/
Mauro, J.