Filed 10/1/21  P. v. Stewart CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075883 |
| v. | (Super.Ct.No. RIF74690) |
| MICHAEL PHILLIP STEWART, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Brett Harding Duxbury, under appointment by the Court of Appeal, for Defendant and Appellant.

Matthew Rodriquez, Acting Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Michael Pulos, Lynne McGinnis and Joy Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant, Michael Phillip Stewart, filed a petition for resentencing pursuant to Penal Code section 1170.95,[1] which the superior court denied. Defendant additionally filed a motion for a hearing pursuant to *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*), which the court filed together with his section 1170.95 petition. The court did not rule on the *Franklin* motion. On appeal, defendant contends the superior court erred in summarily denying his section 1170.95 petition and in failing to rule on his *Franklin* motion. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On April 18, 1997, the victim's body was discovered in a vacant field; other than cowboy boots, his body was naked from the waist down. Soon thereafter, officers responded to a call regarding an abandoned vehicle; the vehicle belonged to the victim's sister, who had loaned it to the victim the day before. The undercarriage of the vehicle was damaged; blood and tissue, consistent with the victim's, was found adhering to the bottom of the vehicle. (*People v. Stewart*, *supra*, E023537.)

The victim had suffered a broken jaw and a crushing fracture of the skull. The left side of his chest was crushed, and many of his ribs were broken. On the right side of his chest, there was a large laceration and some burns. Lubricant was found in the victim's

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

[2] By order dated April 21, 2021, we granted the People's request that we take judicial notice of portions of the record from defendant's appeal from the judgment, which include the supplemental clerk's transcript containing the jury instructions and this court's opinion affirming the judgment. (See *People v. Stewart* (Oct. 7, 1999, E023537) [nonpub. opn.].) We derive much of our factual recitation from the opinion from that matter.

rectum.  The forensic pathologist opined that "although the thyroid cartilage was broken, strangulation was not the cause of death.  He formed the opinion that defendant had been alive when he was run over and crushed by a vehicle while lying on his back, rather than standing, because there was a lack of fractures to the lower extremities." (*People v. Stewart*, *supra*, E023537.)  Defendant's fingerprints were found in the vehicle and on an open tube of lotion found inside the vehicle.  (*Ibid*.)

Officers arrested defendant on April 25, 1997, and interviewed him after advising him of his constitutional rights.  Defendant told many different and conflicting stories regarding the death.  Defendant first said he met the victim at a park where the victim made an advance toward him; defendant said he then punched the victim several times and went home.  (*People v. Stewart*, *supra*, E023537.)

Defendant later stated that the victim and he orally copulated each other, but defendant denied engaging in anal sex.  Later still, defendant said he was driving donuts around the victim, when the victim suddenly jumped in front of the vehicle; defendant said, "I think that I ran over him pretty good.  I thought I caught his legs, but don't know." (*People v. Stewart*, *supra*, E023537.)  Defendant admitted, at one point, to engaging in anal sex with the victim.  After fighting with the victim, defendant admitted running over the victim as he tried to leave.  (*Ibid*.)

Defendant told his roommate and lover, Manuel Rosales, that defendant and the victim had engaged in a fight during which defendant punched, kicked, and choked the victim.  Defendant told Rosales that he believed he had killed the victim by choking him.  In yet another version of events, after defendant and Rosales had conferred with one

3

another, defendant claimed Rosales happened upon the scene as defendant and the victim were engaged in sexual activity with one another. Rosales began beating and choking the victim. Rosales then got into the victim's vehicle and drove over him twice. (*People v. Stewart*, *supra*, E023537.)

The People charged defendant by information with murder (Pen. Code, § 187, count I) and unlawfully taking or driving a vehicle without consent (Veh. Code, § 10851, count II). At trial, defendant testified that he and the victim engaged in a fight after which the victim had no discernible pulse. He got into the victim's vehicle and drove away as fast as he could; he did not know that he had run over the victim until he later spoke with officers. During argument, defendant's counsel told the jury defendant did run over the victim with the vehicle but that the only issue in the case was intent. He then argued that defendant erroneously thought he had already killed the victim and, in a panic, fled the scene and accidentally ran over the victim without knowing he had done so. (*People v. Stewart*, *supra*, E023537.)

The jury convicted defendant of second degree murder and the unlawful taking or driving of a vehicle without consent. On September 10, 1998, the superior court sentenced defendant to a determinate term of four years of imprisonment plus a consecutive, indeterminate term of 15 years to life.

Defendant appealed, contending the superior court erred in failing to give voluntary manslaughter instructions on its own motion and that, to the extent his attorney specifically withdrew his request for voluntary manslaughter instructions, he rendered

4

ineffective assistance of counsel.  This court affirmed the judgment.  (*People v. Stewart*, *supra*, E023537.)

On June 19, 2020, defendant filed a petition for resentencing pursuant to section 1170.95 in the superior court, in which he asserted he had been convicted of second degree murder pursuant to the felony-murder theory or the natural and probable consequences doctrine and requested appointment of counsel.  Defendant additionally submitted a *Franklin* motion.[3]

At the hearing on September 18, 2020, the People noted:  "This is a one defendant case.  He was convicted of second degree murder and vehicle theft, sentenced in 1998 to [four] years plus 15 to life.  I was unable to find any of the instructions or opinion in imaging, but there's a 1999 petition for review on Westlaw . . . .  [¶]  Based on a quote that I'll give you in a moment, [defendant] is the actual killer.  This is [the] quote, '[Defendant] and a recent acquaintance . . . engaged in homosexual acts shortly before dawn in a vacant field in rural Riverside County on April 18, 1997.  During a sex act, a disagreement occurred that resulted in a fight between [defendant] and [the victim].  When [the victim] collapsed to the ground, [defendant] drove off in [the victim's] car.  The car ran over [the victim,] resulting in his death.'  Again, one defendant case.  He's the actual killer."

---

[3]  The superior court filed both the petition and motion as one document.

Defense counsel submitted. The superior court denied the petition.[4] Defense counsel lodged an objection for the record.

## II. DISCUSSION

*A.     The Section 1170.95 Petition.*

In his opening brief, defendant contends his counsel provided constitutionally ineffective assistance of counsel by failing to object to the superior court's reliance on the contents of a petition for review quoted by the People in denying his petition. However, in his reply brief, defendant concedes that the documents judicially noticed by this court on the People's request suggest that the trial court did not instruct the jury on the felony-murder theory or the natural and probable consequences doctrine. Nonetheless, defendant maintains that without the entire record of conviction, the evidence fails to show defendant was the actual killer. We disagree.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats 2018, ch. 1015, § 1,

---

[4] The reporter's transcript reflects that the superior court denied the petition. The minute order indicates the court dismissed the petition. We shall direct the court to correct the minute order. (See *People v. Jones* (2012) 54 Cal.4th 1, 89 [The minute order "'does not control if different from the trial court's oral judgment and may not add to or modify the judgment it purports to digest or summarize.'"].) The reviewing court has the authority to correct clerical errors in the minute order. (*People v. Contreras* (2009) 177 Cal.App.4th 1296, 1300, fn. 3.)

subd. (f).)  In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)

"Pursuant to section 1170.95, an offender must file a petition in the sentencing court averring that:  '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;]  [¶]  (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first degree or second degree murder[;]  [¶]  [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' [Citations.]  Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).)  If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'" (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

Here, at the outset, although not raised by either party, we note that defendant failed to file a "'facially sufficient petition'" by failing to allege he was not the actual killer, did not act with intent to kill, and was not a major participant acting with reckless

disregard for human life.[5]  (*Lewis*, *supra*, 11 Cal.5th at p. 957.)  Thus, the superior court properly denied the petition.  (*Lewis*, at p. 968 ["[N]oncomplying petitions may be quickly screened out under subdivision (b)(2) of section 1170.95."]; *Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144 ["""[W]e will affirm a judgment correct on any legal basis, even if that basis was not invoked by the trial court.  [Citation.]  There can be no prejudicial error from erroneous logic or reasoning if the decision itself is correct.""""].)

Nevertheless, even assuming defendant filed a facially valid petition, the superior court correctly denied the petition because (1) the record of conviction shows both that the jury was neither instructed with the felony-murder theory nor the natural and probable consequences doctrine, and (2) defendant was the actual killer.  Thus, defendant failed to make a prima facie case for relief.

In this case, the superior court denied defendant's petition at the prima facie stage under section 1170.95, subdivision (c).  "A denial at that stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.'  [Citations.]  This is a purely legal conclusion, which we review de novo."  (*People v. Murillo* (2020) 54 Cal.App.5th 160, 167, review granted Nov. 18, 2020, S264978; accord, *People v. Galvan* (2020) 52 Cal.App.5th 1134, 1137, 1142, review granted Oct. 14, 2020, S264284.)

---

[5]  We note, however, that defendant filed a form petition, which did not have boxes to check for someone, like himself, who had been convicted of *second* degree murder but was declaring he was not the actual killer, did not act with intent to kill, and was not a major participant acting with reckless disregard for human life.

8

"The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) "'[I]f the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Ibid*.) "Appellate opinions . . . are generally considered to be part of the record of conviction." (*Id.* at p. 972.) "[T]he parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether a petitioner has made a prima facie case for relief . . . ." (*Ibid*.)

Here, the jury instructions we judicially noticed reflect that the jury was not instructed on either the felony-murder theory or the natural and probable consequences doctrine.[6] (*People v. Soto* (2020) 51 Cal.App.5th 1043, 1055, review granted Sept. 23, 2020, S263939 [Where the jury was not instructed on felony-murder or the natural and probable consequences theories, "the jury necessarily found [the defendant] culpable for murder based on his own actions . . ." and, therefore, the defendant was ineligible for section 1170.95 relief as a matter of law.]; *People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835 ["[I]f the jury was not instructed on a natural and probable consequences or felony-murder theory of liability, the petitioner

---

[6] We note defendant requested the trial court instruct the jury with CALJIC No. 8.51, which in its unmodified version would instruct on the felony-murder theory. However, the court modified its instruction of the jury with CALJIC No. 8.51 to eliminate any reference to the felony-murder theory. The court did not instruct the jury on aiding and abetting principles or the natural and probable consequences doctrine. (CALJIC Nos. 3.01 & 3.02.)

9

could not demonstrate eligibility as a matter of law because relief is restricted to persons convicted under one of those two theories."]; *People v. Cornelius* (2020) 44 Cal.App.5th 54, 58, review granted Mar. 18, 2020, S260410 [The defendant "was ineligible for relief because he was not convicted of felony murder or murder as an aider or abettor under a natural consequences theory."].) Thus, defendant is ineligible for section 1170.95 relief.[7]

Moreover, the opinion reflects that defendant was the actual killer. Defendant was the only one on trial for the murder. Defendant's fingerprints were found in the victim's vehicle and on an open tube of lotion found inside the vehicle. Defendant repeatedly implicated himself as the actual and sole killer of the victim in his interviews with the police.[8] At trial, defendant testified he was the actual killer. The defense theory of the case was that defendant had actually, but accidentally, killed the victim. The jury's conviction of defendant for second degree murder under the facts adduced at trial necessarily reflect that they found defendant was the actual killer. (*People v. Stewart*, *supra*, E023537.)

Thus, as the actual killer, defendant was ineligible for relief as a matter of law. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 248 [Even under the amended statue, a defendant remains liable for murder if he was the actual killer.]; accord *People v.*

---

[7] We agree with defendant that reliance upon the petition for review was error. However, here, where the jury instructions and this court's prior opinion from the judgment reflect that defendant was ineligible for relief as a matter of law, defendant has suffered no prejudice. (*Anderson v. Davidson*, *supra*, 32 Cal.App.5th at p. 144.)

[8] Although, at one point, defendant claimed Rosales was the killer. (*People v. Stewart*, *supra*, E023537.)

10

*Cornelius*, *supra*, 44 Cal.App.5th at p. 58; see *People v. Edwards* (2020) 48 Cal.App.5th 666, 674-675, review granted July 8, 2020, S262481 [Where the record of conviction, including opinion from direct appeal, reflected the defendant was the actual killer, he was not entitled to relief pursuant to section 1170.95.], overruled on other grounds in *Lewis*, *supra*, 11 Cal.5th at p. 963.)  Therefore, the superior court properly denied defendant's section 1170.95 petition.

     *B.*     Franklin *Motion.*

Defendant contends the matter must be remanded for the superior court to rule on his *Franklin* motion.  The People maintain defendant forfeited any ruling on his *Franklin* motion by failing to request a ruling on the motion at the hearing.  We agree with the People.

"""'[W]here the court, through inadvertence or neglect, neither rules nor reserves its ruling . . . the party who objected must make some effort to have the court *actually rule*.  If the point is not pressed and is forgotten, [the party] may be deemed to have waived or abandoned it, just as if he had failed to make the [motion] in the first place."""' (*People v. Braxton* (2004) 34 Cal.4th 798, 813.)  "[A] defendant may forfeit the issue for appellate review by failing to press for a hearing or by acquiescing in the court's failure to hear the . . . motion." (*Id*. at p. 814 [motion for new trial]; see *People v Jones* (2012) 210 Cal.App.4th 355, 362 [*Braxton* is not limited to the context of a motion for new trial.].)  "[T]he same forfeiture rules that apply to countless other rights in criminal proceedings" also "apply to the right to a *Franklin* proceeding." (*People v. Medrano* (2019) 40 Cal.App.5th 961, 958, fn. 9 (*Medrano*).)

11

Here, "[t]he record contains no indication that [defendant] was not given an adequate opportunity to make a record of mitigating youth-related evidence as contemplated in *Franklin*," at the hearing on the section 1170.95 petition. (*Medrano*, *supra*, 40 Cal.App.5th at p. 967.) Thus, defendant forfeited a ruling on his *Franklin* motion. Nonetheless, "we affirm without prejudice to [defendant's] filing a motion 'for a *Franklin* proceeding under the authority of section 1203.01' . . . ." (*Id*. at p. 968.)

## III. DISPOSITION

The order denying defendant's section 1170.95 petition is affirmed. With respect to defendant's *Franklin* motion, we affirm the order without prejudice to defendant's filing of a motion for a *Franklin* hearing under the authority of section 1203.01. The superior court is directed to modify its September 18, 2020, minute order to reflect that it summarily denied, rather than dismissed, defendant's petition for resentencing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____
                                        J.

We concur:

RAMIREZ_____
            P. J.

FIELDS_____
            J.

12