Filed 10/25/21  Marriage of Mitchell CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of NICOLE M. and CHRISTOPHER L. MITCHELL | 2d Civil No. B308861 (Super. Ct. No. D362162) (Ventura County) |
| NICOLE M. MITCHELL, Appellant, v. CHRISTOPHER L. MITCHELL, Respondent, VENTURA COUNTY DEPT. CHILD SUPPORT SERVICES, Intervenor. | |

Nicole M. Mitchell (mother) appeals from orders modifying child support and denying her motion to set aside a prior child

support order.  Mother claims that the prior order was based on the fraud and perjury of her former spouse, respondent Christopher L. Mitchell (father).  Both parties represented themselves in the trial court and on appeal.[1]  We affirm.

*Factual and Procedural Background*

In January 2016 the parties' marriage was dissolved.  The parties have one child who was born in 2005.    On August 13, 2019, the trial court conducted a hearing to determine the amount of father's child support obligation.  Both parties were sworn at the inception of the hearing.  Father declared in open court:  "The only thing that's relevant right now is my Social Security, my Reid West income,[2] . . . [and] statements on the income and expense declarations that I filed around the 17th."  "I'm on Social Security benefits, and I can make $17,400.  [¶]  If I exceed $17,400 in earnings, I have to pay back $1 for every $2 earned, and I was also instructed by the Social Security department that if that amount is too much, they can actually stop benefits.  So it makes sense to me to calculate child support based on reality."

The court calculated father's child support obligation based on annual earnings of $17,640 and monthly social security income of $1,900.  The court ordered father to pay child support of $822 per month beginning July 1, 2019.

In December 2019 mother filed a motion to set aside the support order because it was based on father's fraud and perjury.  Mother declared:  "[Father] represented to the Court that he had

_____

[1] We deny mother's motion to strike father's brief for failure to comply with the California Rules of Court.

[2] Father was an instructor at Reid West Golf Academies in Phoenix, Arizona.

retired and was taking his Social Security benefits and would not earn more than the approximately $17,000 annually in extra income that would not affect his social security benefits. In reality, he had completed the interviewing process for the General Manager position at Cold Springs Country Club in early August 2019 and was offered and accepted that job. He never disclosed this pertinent and materially significant information to the Court, and he gave perjured testimony to, once again, intentionally mislead the Court." Mother attached to her motion an announcement from Cold Springs Golf & Country Club (Cold Springs) that father had started work as general manger on September 17, 2019.

On September 29, 2020, the trial court conducted a hearing (the September 2020 hearing) on mother's motion to set aside the child support order. The court said it had "received the financial records on three accounts" and "nothing else was submitted." Mother did not object to the court's statement. The court continued: "[T]he motion filed and the attached documents show[] that [father] began his employment at Cold Springs Golf and Country Club September 17, 2019. . . . Based upon [mother's] pleadings and assuming that everything alleged in the pleading[s] was proven true, the motion is denied. [¶] The new employment reference began in September of 2019. There is no basis to alter the amount of child support as ordered based on the incomes established" at the August 13, 2019 hearing. "So based upon the pleadings, that motion is denied."

Mother interjected, "I would like to point out that from the documents that were subpoenaed from Cold Springs, [father] was given the offer of employment on August 6[, 2019]," seven days before the August 13, 2019 hearing. The court replied, "That's

3

irrelevant."  Mother did not say when father had accepted the offer.

The court's signed order denying mother's motion states: "Mother's Motion to set aside child support order . . . based upon fraud is denied based upon [her] pleadings.  The new employment of . . . Father began on September 27, 2019 [*sic*, it began on September 17, 2019].  Assuming all aspects of [mother's] pleading was true, there would be no factual basis to alter the child support amount based upon income as determined" at the hearing on August 13, 2019.

On December 10, 2019, mother filed a request to modify child support.  The court considered this request at the September 2020 hearing.  The trial court ordered father to pay child support of $931 per month for the period from December 1, 2018 through June 30, 2019, and $1,314 per month effective January 1, 2020.  The court did not modify the previously ordered child support of $822 per month from July 1, 2019 through December 31, 2019.

*Standard of Review for Ruling on*
*Motion to Set Aside Support Order*

Mother's motion was made pursuant to Family Code section 3691, which lists the grounds for setting aside a support order.  The grounds include actual fraud and perjury.  (*Id*., subds. (a), (b).)  Family Code section 3690, subdivision (a) provides, "The court *may*, on any terms that *may* be just, relieve a party from a support order . . . based on the grounds, and within the time limits, provided in this article."  (Italics added.)  The use of the word "may" indicates that the court has discretion whether to set aside a support order.  Family Code section 3693 provides that "the court has discretion to set aside the entire [support] order, if

4

necessary, for equitable considerations." Accordingly, we apply the abuse of discretion standard of review to the denial of mother's motion to set aside the prior child support order.

"'[W]here a trial court has discretionary power to decide an issue, an appellate court is not authorized to substitute its judgment of the proper decision for that of the trial judge. . . . "'The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason . . . .'" [Citations.]'" (*In re Marriage of Mosley* (2008) 165 Cal.App.4th 1375, 1386; see also *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th 747, 773 ["A ruling that constitutes an abuse of discretion has been described as one that is 'so irrational or arbitrary that no reasonable person could agree with it'"].) We view the evidence "most favorably" in support of the court's ruling and "indulg[e] all reasonable inferences in its favor." (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1225-1226.) We "focus[] on what was presented to the trial court at the time it made its decision." (*People v. Greenberger* (1997) 58 Cal.App.4th 298, 343.)

*Motion to Augment the Record*

Mother has moved to augment the record to include subpoenaed records relating to father's employment by Cold Springs. We deny the motion because the records were not before the trial court when it ruled on mother's motion to set aside the child support order. "Augmentation does not function to supplement the record with materials not before the trial court." (*Vons Companies, Inc. v. Seabest Foods, Inc.*, (1996) 14 Cal.4th 434, 444, fn. 3, impliedly abrogated on other grounds in *Bristol-Myers Squibb v. Superior Court* (2017) __ U.S. __, [137 S. Ct. 1773, 1781].) At the hearing on mother's motion, the court said it

had "received the financial records on three accounts" and "nothing else was submitted." Mother did not object. The court's denial order states that it is "based upon [mother's] pleadings." The order does not mention the subpoenaed records.[3]

*The Trial Court Did Not Abuse Its Discretion*
*in Denying Motion to Set Aside Support Order*

Perjury

Mother's motion to set aside the child support order was based on father's alleged perjury and actual fraud. Mother forfeited her claim that the trial court had erroneously denied her motion on the perjury ground. When the court ruled at the September 2020 hearing, it mentioned only the fraud ground: Mother "made that motion based on allegations of fraud. . . . [T]he motion is denied." The court's subsequent written ruling mentions only the fraud ground: "Mother's Motion to set aside child support order . . . based upon fraud is denied based upon [her] pleadings." Mother failed to preserve the perjury ground for appellate review because she did not press for a ruling on this alternate ground. "''[W]here the court, through inadvertence or neglect, neither rules nor reserves its ruling . . . the party who objected must make some effort to have the court *actually rule*. If the point is not pressed and is forgotten, [the party] may be deemed to have waived or abandoned it, just as if he had failed to

---

[3] In his brief father states that the trial court "considered and reviewed all the documents from the Subpoena records." We disregard the statement because it is not supported by citation to the record. (*Lee v. Department of Parks & Recreation* (2019) 38 Cal.App.5th 206, 213 ["We may disregard any factual contention not supported by a proper citation to the record"].)

6

make the objection in the first place."'" (*People v. Braxton* (2004) 34 Cal.4th 798, 813; see also *People v. Ramirez* (2006) 39 Cal.4th 398, 450.)

If the trial court had denied mother's motion on the perjury ground, it would not have abused its discretion. "The crime of perjury requires proof that the perjurer acted with specific intent to make a false statement under oath." (*People v. Meza* (1987) 188 Cal.App.3d 1631, 1647; see Pen. Code, § 118 ["Every person who, having taken an oath . . . , willfully and contrary to the oath, states as true any material matter which he or she knows to be false . . . is guilty of perjury"].) Mother does not refer us to any intentionally false statement by father at the August 13, 2019 hearing. At most, father did not disclose his prospective employment. Mother claims that father "was not honest . . . when he testified . . . that his only income *moving forward* would be his Social Security benefits . . . and the non-taxable amount of extra earnings allowed by Social Security of $17,400 annually." (Italics added.) But father did not testify that this would be his situation "moving forward." He testified that this was his situation "right now," i.e., at the time of the August 13, 2019 hearing. Father insisted, "[T]he amount of money that I'm going to make later down the road . . . [is] not relevant."[4]

Although mother told the court that Cold Springs had made its offer of employment on August 6, 2019, there was no evidence that father had accepted the offer on or before the August 13, 2019 hearing date. Until father accepted the offer, there was no agreement and Cold Springs could withdraw its offer. Mother

---

[4] In his brief father states, "[Mother] is saying that at the Hearing I was testifying about my future income, which is a misrepresentation of the facts."

cites no authority requiring father to disclose an offer of future employment that he has not yet accepted.

Actual Fraud

The other ground for mother's motion was actual fraud. "The suppression of that which is true, by one having knowledge or belief of the fact," may constitute actual fraud by a party to a contract if the suppression is accompanied by an "intent to deceive another party thereto, or to induce him to enter into the contract." (Civ. Code, § 1572, subd. 3.) An intent to deceive is required where, as here, there is no contract. "[A]n intent to deceive . . . is the basis of actual fraud." (*Anderson v. Deloitte & Touche* (1997) 56 Cal.App.4th 1468, 1476.) "'Actual fraud' has two parts: actual and fraud. The word 'actual' has a simple meaning in the context of common-law fraud: It denotes any fraud that 'involv[es] moral turpitude or intentional wrong.' [Citation.]" (*Husky Intern. Electronics*, *Inc. v. Ritz* (2016) 578 U.S. 882 [136 S. Ct. 1581, 1586]; see also Civ. Code, § 3294, subd. (c)(3) ["'Fraud' means an intentional misrepresentation, deceit, or concealment of a material fact known to the defendant with the intention on the part of the defendant of thereby depriving a person of property or legal rights or otherwise causing injury"].) To constitute actual fraud, the person from whom the material fact is concealed must act in reliance upon the concealment to his or her damage. (*Roche v. Hyde* (2020) 51 Cal.App.5th 757, 820.)

The trial court did not abuse its discretion in determining that, based on the materials before it, father did not conceal his prospective employment with the intent to deceive mother or deprive her of property to which she was legally entitled. The court believed that father's prospective employment in mid-September 2019 had no bearing on the calculation of child

8

support at the hearing conducted on August 13, 2019.  We do not consider whether the court's belief was legally correct.  It did not act arbitrarily or irrationally in impliedly concluding that father's nondisclosure of his prospective employment was motivated not by an intent to deceive but by the same good faith belief held by the court, i.e., father's prospective employment was irrelevant to the calculation of child support as of the hearing date.  At the hearing father stated, "It was my understanding that child support is based on reality, meaning now . . . ."  "The only thing that's relevant right now is my Social Security, my Reid West income, . . . [and] statements on the income and expense declarations that I filed around the 17th."

*Calculation of Child Support*
*from 9/17/2019 through 12/31/2019*

Mother contends that, after the September 2020 hearing, the trial court erroneously failed to modify child support for the period from September 17, 2019, when father started his employment with Cold Springs, through December 31, 2019.  Mother claims that the court did not follow state guidelines for child support and did not make appropriate findings for deviating from those guidelines.

Mother fails to establish that she asked the court to modify child support for the period in question.  The register of actions shows that, on December 10, 2019, mother made a request to modify child support.  The request is not included in the record.  "The party seeking to challenge an order on appeal has the burden to provide an adequate record to assess error.  [Citation.] Where the party fails to furnish an adequate record of the challenged proceedings, his claim on appeal must be resolved against him.  [Citations.]"  (*Rancho Santa Fe Assn. v. Dolan-King*

9

(2004) 115 Cal.App.4th 28, 46.) We cannot fault the trial court for not modifying child support from 9/17/2019 through 12/31/2019 if mother failed to request modification for this period.

Even if mother had requested modification of child support for this period, she impliedly withdrew the request at the September 2020 hearing. The trial court said, "Now, moving on [from mother's motion to set aside the child support order] to the Request for Order for modification of child support filed by [mother] December 10, 2019. *That would have an effective date of January 1, 2020.*" (Italics added.) Mother failed to object that she was requesting that the effective date be September 17, 2019, not January 1, 2020. Later the trial court declared, "Right now, so that I stay on track, . . . we are dealing strictly January 1, 2020, until now. That's it." Mother again failed to object. "'"An appellate court will ordinarily not consider procedural defects or erroneous rulings, in connection with relief sought or defenses asserted, where an objection could have been but was not presented to the [trial] court by some appropriate method . . . . [T]he explanation is simply that it is *unfair to the trial judge and to the adverse party* to take advantage of an error on appeal when it could easily have been corrected at the trial.' . . ."'" (*In re Carrie W.* (2003) 110 Cal.App.4th 746, 755.)

*Mother's Remaining Claims*

Mother claims that, in calculating child support after the September 2020 hearing, the trial court erroneously omitted father's 2020 social security income and erroneously provided him with "deductions for expenses for which no concrete proof was provided." The claims are forfeited because mother failed to show that she had raised them below. (*In re Marriage of Hinman* (1997) 55 Cal.App.4th 988, 1002 [mother forfeited "her right to

10

challenge the computation of the child support award on appeal" because she failed to raise below the alleged errors in the computation]; *In re Marriage of Calcaterra & Badakhsh* (2005) 132 Cal.App.4th 28, 37, bracketed material in original ["'For better or worse, California child support law now resembles determinate sentencing in the criminal law: The actual calculation required of the trial judge has been made so complicated [citation] that, to conserve judicial resources, any errors must be brought to the trial court's attention at the trial level while the [theoretical] error can still be expeditiously corrected'"]; Hogoboom & King, Cal. Practice Guide--Family Law (The Rutter Group June 2021 update) ch. 6-A, ¶ 6:499:13 ["a party preserves the right to challenge the *computation* of formula support only if alleged calculation errors . . . are brought to the trial court's attention; otherwise, the errors are waived"].)

Mother's claims are also forfeited because the argument in her opening brief (pages 23-24) is devoid of supporting citations to the record. "'Any statement in a brief concerning matters in the appellate record—whether factual or procedural and no matter where in the brief the reference to the record occurs— *must be supported by a citation to the record.*'" (*Professional Collection Consultants v. Lauron* (2017) 8 Cal.App.5th 958, 970.) "Thus, '[i]f a party fails to support an argument with the necessary citations to the record, . . . the argument [will be] deemed to have been waived. . . .'" (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246.) Mother "is not exempt from the foregoing rules because [s]he is representing [her]self on appeal in propria persona." (*Ibid*.)

In any event, mother's challenge to the omission of father's social security income is without merit. The trial court explained that it had excluded the income because "[o]n 5/21/20, the Social Security Administration informed . . . Father that he had received an improper overpayment in 2020 and the money was to be refunded. If the money was used in the calculation [of child support,] . . . Father would be eligible for a modification to factor it out upon repayment to Social Security as unforeseen income loss. So, given the Social Security Administration letter, it serves no purpose to factor [social security income] in the equation."

*Disposition*

The orders appealed from are affirmed. Father shall recover his costs on appeal.

<u>NOT TO BE PUBLISHED.</u>


YEGAN, J.


We concur:


GILBERT, P. J.


TANGEMAN, J.


12

William R. Redmond, Judge

Superior Court County of Ventura

_____

Nicole M. Mitchell, in pro. per., for Appellant.

Christopher L. Mitchell, in pro. per., for Respondent.

No appearance by Intervenor.