Filed 4/27/23  P. v. Carter CA1/5
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>DAWON GREGORY CARTER,<br><br>　　　Defendant and Appellant. | A159190<br><br><br>(Contra Costa County<br>Super. Ct. No. 05-111105-3) |

Defendant Dawon Gregory Carter filed an appeal from a trial court order denying his petition under former Penal Code[1] section 1170.95 (now section 1172.6) for resentencing relief for his attempted murder conviction. The trial court found at the prima facie stage that defendant was ineligible for relief because he pleaded guilty to attempted murder rather than murder.

On September 10, 2021, the Legislature passed Senate Bill No. 775 (2021–2022 Reg. Sess.), which amended former section 1170.95 effective January 1, 2022.  (Stats. 2021, ch. 551.)  This bill changed the governing law in several respects.  Relevant here, it authorized defendants convicted of attempted murder, including our defendant, to seek relief and limited the

---

[1] Unless otherwise stated, all statutory citations herein are to the Penal Code.

1

types of evidence that may be considered at the hearing to determine whether relief is warranted.

Based on this legislative change, defendant requested, and we agreed, to issue an order staying this appeal until further order and remanding the matter to the trial court with directions to consider whether the amendments to former section 1170.95 altered its conclusion that defendant was not entitled to relief.

Pursuant to this limited remand, defendant filed, and then subsequently withdrew, his petition. Accordingly, on April 12, 2023, we issued an order directing the parties to file letter briefs regarding whether the appeal should be dismissed as moot given defendant's decision to withdraw his petition. Defendant's letter brief acknowledged the withdrawal of his petition but was neutral as to whether his appeal was rendered moot. The People, in turn, argued that by withdrawing his petition defendant obtained the relief he claimed he was entitled to in this appeal. As such, his appeal should be dismissed as moot because this court is no longer able to grant him any effectual relief. We agree with the People.

This court has the power to direct a limited remand "as may be just under the circumstances." (§ 1260; see *People v. Awad* (2015) 238 Cal.App.4th 215, 222 ["Under appropriate circumstances [such as where a limited remand has been ordered], the same criminal proceeding may be simultaneously pending in the trial court and the Court of Appeal"].) A limited remand may be warranted, for example, "to resolve one or more factual issues affecting the validity of the judgment . . . or for the exercise of any discretion that is vested by law in the trial court" (*People v. Braxton*

2

(2004) 34 Cal.4th 798, 818–819), or, as here, to allow a defendant to pursue relief under section 1172.6 (*People v. Gentile* (2020) 10 Cal.5th 830, 858).[2]

However: " ' "[W]hen, pending an appeal from the judgment of a lower court, and without any fault of the [opposing party], an event occurs which renders it impossible for this court, if it should decide the case in favor of [defendant], to grant him any effectual relief whatever, the court will not proceed to a formal judgment, but will dismiss the appeal" ' as moot." (*People v. DeLeon* (2017) 3 Cal.5th 640, 645; see *People v. Schaffer* (2020) 53 Cal.App.5th 500, 506.)

Here, the withdrawal of defendant's petition resolved the parties' dispute before the trial court. As such, there is no effective relief that this court can grant defendant on appeal. (See *Building a Better Redondo, Inc. v. City of Redondo Beach* (2012) 203 Cal.App.4th 852, 865–866 [appeal dismissed as moot where "[a]ppellants chose to voluntarily comply with the judgment, thereby waiving their right to challenge it"].) Moreover, neither party suggests this matter is one that is "of continuing public interest, is likely to recur, [or] might otherwise evade appellate review." (*People v. Schaffer, supra*, 53 Cal.App.5th at p. 506 [reviewing court exercised its discretion to consider an otherwise moot claim where it was of continuing public interest].) Accordingly, we dismiss the appeal as moot.

## DISPOSITION

The appeal is dismissed.

---

[2] *Gentile, supra*, 10 Cal.5th 830, was abrogated in part on another ground in Stats. 2021, ch. 551, § 2, which amended section 1172.6, subdivision (g) to expressly allow defendants whose convictions are not final to seek relief under Senate Bill No. 1437 on direct appeal.

3

_____

Jackson, P. J.

WE CONCUR:


_____

Simons, J.


_____

Burns, J.

A159190/*People v. Dawon Gregory Carter*

4