Filed 2/15/23  The Rama Fund v. Frye CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE RAMA FUND, LLC,

    Plaintiff and Respondent,

v.

BILLIE JO FRYE, as Trustee, etc. et al.,

    Defendants and Appellants.

E077654

(Super.Ct.No. UDPS2100339)

OPINION

APPEAL from the Superior Court of Riverside County.  Randall Donald White, Judge.  Affirmed.

Pauline E. Villanueva for Defendants and Appellants.

The Ryan Firm, Timothy M. Ryan, Andrew J. Mase, and Logan Hensley for Plaintiff and Respondent.

1

**INTRODUCTION**

Plaintiff, Rama Fund, LLC (Rama or Rama Fund) is the successor in interest to a lender who loaned money to defendant Billie Jo Frye, trustee of real property held in trust, in return for a beneficial interest in the real estate under a deed of trust located in Riverside County.  Defendant (and the trust of which she was trustee) defaulted on the loan resulting in the recordation of a notice of default and election to sell under the deed of trust in 2019, followed by a notice of trustee's sale recorded in November 2019.  After defendants' attempts to evade the sale (by filing for bankruptcy in the State of Washington where the property was listed as an asset, followed by intra-familial transfers of title and duties as trustee of the estate) were unsuccessful, the nonjudicial foreclosure sale took place in November 2020, where Rama obtained title to the premises. Subsequently, after serving notices to quit, Rama filed an unlawful detainer action. Judgment was entered in favor of Rama and defendants appealed.

On appeal, the sole argument posited by defendants is a claim that the trial court abused its discretion by not continuing the hearing on the unlawful detainer action to allow defendants more time to consolidate the unlawful detainer case with another case filed by defendants against Rama for, among other things, wrongful foreclosure.[1]  We affirm.

---

[1] That action, *Alexis Ashley Downie v. The Rama Fund, LLC et al.*, case No. E078068 (the wrongful foreclosure case), was ultimately dismissed with prejudice, and the plaintiffs in that case, who are the defendants in the current case, appealed from an order imposing monetary sanctions against them.  We denied a request made under that case number to consolidate that appeal with the current appeal.

## BACKGROUND

In this matter, there is no reporter's transcript of the trial. However, plaintiff, Rama Fund, filed a motion for summary judgment, which was advanced on the calendar to be heard at the time of the trial on the unlawful detainer action, and the declarations filed in support of and in opposition to that motion provide us with some history in addition to that provided from documents submitted as exhibits. Much of the following information is undisputed pursuant to the parties' respective statements of undisputed facts, so we refer to it, absent a transcript of the trial. Other information is gleaned from the documentary evidence.

On or about October 4, 2018, Billie Jo Frye ("Defendant Frye"), as trustee of the Brookville Trust dated March 15, 2014, obtained a loan in the amount of $1,592,500 ("Loan") from Athas Capital Group, Inc. ("Athas"), which was evidenced by a promissory note ("Note") and secured by a deed of trust ("DOT") recorded against the real property located at 79405 Brookville, La Quinta, CA 92253 (property). The Note specified that "the proceeds of this Note will be used solely for business, commercial investment, or similar purposes, and that no portion of it will be used for agricultural, personal, family, or household purposes." It was accompanied by a certificate of non-owner occupancy, executed by Frye, affirming that the property securing the loan was not her permanent residence, nor the permanent resident of anyone having a direct or indirect interest in the borrower (the Brookville Trust).

3

On or about October 4, 2018, Athas assigned the Loan to Plaintiff, the Rama Fund, LLC, a California Limited Liability Company. On August 16, 2019, a substitution of trustee, substituting Commonwealth Land Title Insurance Company with California TD Specialists ("CalTD") was recorded against the subject property. Defendant Frye as trustee of the Brookville Trust defaulted on the Loan and a notice of default ("NOD") was recorded against the property on August 16, 2019.

Defendant Frye failed to cure the default, and a notice of trustee's sale was recorded against the property on November 20, 2019. At some point, it came to light that while attempting to reinstate the agreement, the family was taking actions to try to thwart plaintiff's right to foreclose by first arranging for Frye to resign as trustee of the Brookville Trust; then Thomas Downie, as beneficiary of the trust, elected his daughter Alexis Ashley Downie (Ashley) to serve as trustee. Then Ashley quitclaimed the property to the Brookville Trust, a corporation. The stated purpose of these changes was to make the property eligible for federal protections in bankruptcy.

However, after successive dismissals of bankruptcy filings in California, defendants attempted to file for bankruptcy in the State of Washington, listing the subject California property as an asset in that proceeding. Plaintiff received notice and filed a claim respecting the property; thus, the Washington bankruptcy was also dismissed on June 5, 2020. The settlement agreement that followed these machinations contained provisions for four consecutive monthly installment payments, followed by a balloon payment of $1,025,000, to be paid on September 30, 2020. It further provided, "If any of

4

the First Payment, Second Payment, Third Payment, or Fourth Payment are not received timely, nonpayment of any installment shall be considered an event of default under both the Deed of Trust and Note, and RAMA, or its successors and assigns, shall have the right to foreclose on the Property, which shall be uncontested in all respects by Borrower or Downie." The Brookfield Trust failed to make the second payment by the due date of August 6, 2020. and plaintiff received no other payments to cure the default.

Defendants then scrambled to avoid the foreclosure sale by attempting to arrange financing and to obtain plaintiff's agreement to reinstate the settlement agreement. An escrow account was opened, but the escrow officer needed a demand for payment from the creditor to transfer funds. On October 16, 2020, four days before the foreclosure sale, CalTD faxed a reinstatement quote and payoff demand to defendants' counsel, pursuant to counsel's request, but Defendants failed to respond by the deadline.[2] Although defense counsel requested another payoff demand with additional time to wire the money, no further demands or concessions were made.

Plaintiff obtained title to the property for a credit bid of $1,923,448.95 at the foreclosure sale held on October 20, 2020, and the trustee's deed upon sale was recorded on October 23, 2020. Thereafter, plaintiff served defendants with the notice of the trustee's sale, as well as a three-day notice to surrender possession of the premises.

---

[2] The email with the required information had ended up in defense counsel's spam folder and she did not find it until after 3:00 p.m. on the last day, when it was too late to wire the funds.

On July 9, 2021, plaintiff filed a complaint for unlawful detainer (the unlawful detainer action), along with supplemental allegations pursuant to the Covid-19 Tenant Relief Act, which were duly served on defendants. On August 10, 2021, defendants filed an answer to the complaint[3], as well as a notice of related case, referring to a civil action for wrongful foreclose, breach of contract, misrepresentation, negligent misrepresentation and negligence, *Downie et al., v. Rama Fund, LLC*, case No. PSC2004861. That same date, plaintiff requested to set the unlawful detainer case for trial.

On August 12, 2021, defendants filed a prejudgment claim of right of possession, with a declaration by Ashley, the daughter of defendant Thomas Downie, claiming that she resided at the property, and that the landlord's agent filed the complaint to recover the premises that she occupied on the date the complaint was filed, and that she was not named in the complaint.

On August 12, 2021, the clerk of the court sent notice that the court trial on the unlawful detainer had been scheduled for hearing on August 25, 2021. On August 18, 2021, plaintiff filed a motion for summary judgment, along with an ex parte application to advance the hearing date for the motion to coincide with the date set for trial on the unlawful detainer action, which was granted.

In responding to the summary judgment motion, defendants filed a declaration asserting that an ex parte application for a motion to consolidate the cases (the wrongful foreclosure action and the unlawful detainer action), had been filed, which was denied,

---

[3] Defendants filed separate answers on behalf of the individual and trust defendants.

6

but the declaration did not indicate in which case it was made, and did not have an exhibit attached. The clerk's transcript contains no such motion (ex parte or otherwise); nor does the register of actions refer to such a filing or proceeding in the unlawful detainer action.

The trial and summary judgment motion were called for a hearing on August 25, 2021, at which time plaintiff's counsel withdrew the motion for summary judgment, which was taken off calendar, and the court trial was held on the unlawful detainer action.[4] According to the minutes, defendants made an oral motion to dismiss the action, but that motion was denied. After hearing the testimony and considering the documents and evidence proffered by the respective parties, the court granted judgment in favor of the Rama Fund, ordering that plaintiff be restored to possession of the property.

This appeal followed.

## DISCUSSION

On appeal, defendants claim the trial court abused its discretion in allowing the unlawful detainer action to move forward while the wrongful foreclosure action was pending, as well as a motion to consolidate the matters. Defendants therefore urge us to reverse because the trial court abused its discretion in denying a continuance. We disagree.

We are hard pressed to find the trial court abused its discretion in denying a motion to continue where no such motion is reflected in the clerk's transcript, including

---

[4] Because there was no court reporter, we have no record of the testimony proffered at the court trial, although it appears that several witnesses were called. For that reason, we have referred to the matters set out in the summary judgment motion as undisputed to provide background.

7

the register of actions. Nor does the record reflect that the defendants made a motion in the instant case to consolidate the unlawful detainer matter with the wrongful foreclosure matter. "A party seeking a continuance of the date set for trial, whether contested or uncontested or stipulated to by the parties, must make the request for a continuance by a noticed motion or an ex parte application under the rules in chapter 4 of this division, with supporting declarations. The party must make the motion or application as soon as reasonably practical once the necessity for the continuance is discovered." (Cal Rules of Court, rule 3.1332(b).) The record does not include either a written or oral motion for continuance.

It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue. (*Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489; see also, e.g., *In re Javier G.* (2006) 137 Cal.App.4th 453, 464 ["Generally, issues not raised in the trial court cannot be raised on appeal."].)

Defendant concedes that the motion to consolidate was made and denied in the wrongful foreclosure action (which is currently pending in this court, *Alexis Ashley Downie v. The Rama Fund, LLC et al.*, case No. E078068), not the unlawful detainer action. However, defendants point out that the register of actions includes a notation that a motion to continue was made on the date of the unlawful detainer trial, but there is no written motion to continue in the clerk's transcript, nor is there any reference to such a motion in the minutes of the court trial, or by whom made, nor any indication the motion

8

was denied.  In short, defendants have failed to provide an adequate record from which we can review the supposed error.

Assuming defendant did, in fact, make timely motions to consolidate cases and to continue the unlawful detainer action, the lack of an order denying same in this record is fatal to defendant's claim of error.  It is well settled that if a trial court inadvertently fails to rule on a motion, a defendant must make some appropriate effort to obtain the hearing or ruling.  (*People v. Braxton* (2004) 34 Cal.4th 798, 813.)  "This is an application of the broader rule that a party may not challenge on appeal a procedural error or omission if the party acquiesced by failing to object or protest under circumstances indicating that the error or omission probably was inadvertent.  [Citations.]  '"In the hurry of the trial many things may be, and are, overlooked which would readily have been rectified had attention been called to them.  The law casts upon the party the duty of looking after his legal rights and of calling the judge's attention to any infringement of them."'  [Citations.]"  (*Ibid.*; accord *People v. Valdez* (2012) 55 Cal.4th 82, 122 ["[b]ecause defendant failed to pursue and obtain a ruling on these objections, he may not raise them on appeal"]; see also, *People v. Ramirez* (2006) 39 Cal.4th 398, 450 [defendant forfeited issue by failing, despite court's invitation to resolve it at a later hearing, to press for a ruling]; *People v. Cornejo* (2016) 3 Cal.App.5th 36, 56 ["failing to press for a ruling" forfeits appellate contention].)

We have scoured the record in this case for the motions defendant claims were denied and have found neither reference to the motions themselves or any adverse rulings

9

on such motions.  It is the appellant's burden to provide an adequate record for review of the claimed errors and the failure to provide an adequate record on an issue requires that the issue be resolved against the appellant.  (*Jameson v. Desta* (2018) 5 Cal.5th 594, 609, citing *Hernandez v. California Hospital Medical Center* (2000) 78 Cal.App.4th 498, 502.).

Here, defendant cites to nothing in the record demonstrating that a motion to consolidate cases, or a motion to continue, was made in the case before us, and there is nothing to suggest that the trial court made a ruling on such a motion adverse to defendant. The burden of presenting an adequate record on appeal was defendant's burden.  (*Hernandez v. California Hospital Medical Center*, *supra*, 78 Cal.App.4th at p. 502, citing *Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.)  Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff.  (*Maria P., supra,* 43 Cal.3d at pp. 1295-1296.)

Without a record of a timely motion and an adverse ruling, any claim of error has been forfeited.  A party cannot successfully argue on appeal that "the court erred in failing to conduct an analysis it was not asked to conduct."  (*People v. Partida* (2005) 37 Cal.4th 428, 435.)

**DISPOSITION**

The judgment is affirmed.  Plaintiff and respondent Rama Fund, LLC is entitled to costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ<u>               </u>
P. J.

We concur:

SLOUGH<u>               </u>
J.

RAPHAEL<u>             </u>
J.